■ TIMOTHY MCCORMACK, Appellant, v. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Respondent.— Order and judgment unanimously reversed, on the law, with costs, and summary judgment granted in favor of plaintiff declaring invalid the lien filed by defendant. Memorandum: Pursuant to the express language of the Motor Vehicle Accident Indemnification Endorsement and in accordance with the holdings of the Court of Appeals in *Matter of Durant* (*MVAIC*) (15 N Y 2d 408) and *Matter of Napolitano* (*MVAIC*) (21 N Y 2d 281), the disability benefits carrier, General Accident Fire and Life Assurance Corp., Ltd. is not entitled to a lien upon the proceeds of the settlement between plaintiff, an insured, as defined in article 17-A of the Insurance Law (§ 601, subd. i), and the uninsured motorist carrier, Federal Mutual Insurance Company (cf. *Commissioners of State Ins. Fund* v. *MVAIC*, 26 A D 2d 325, affd. 21 N Y 2d 918). The fact that Federal failed to reduce from the statutory liability limit of $10,000 the amount of the disability benefits paid in the sum of $1,430 has no bearing upon the rights of General Accident to assert a lien. *Matter of Durant* and *Matter of Napolitano* clearly hold that it does not have such a right. It may be that plaintiff failed to disclose the fact that he had been paid disability benefits when presenting his claim to Federal. If such be the case, then Federal may be entitled to a recovery of the amount of such benefits paid in excess of its obligation under the endorsement. In any case, whatever the rights of the parties as between plaintiff and Federal, no additional legal right inures to the benefit of General Accident in its assertion of a lien. (Appeal from order and judgment of Erie Special Term declaring lien valid.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.