In the Matter of the Arbitration between PASQUALE DELLA PENTA, Respondent, and LIBERTY MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, February 20, 1976

126

*Hurwitz, Siegel & Hurwitz (Louis Siegel* and *James M. DeVoy* of counsel), for appellant.

*Norman B. Lewis, P.C.,* for respondent.

GOLDMAN, J. Liberty Mutual Insurance Company (Liberty Mutual) appeals from Special Term's order which granted respondent Pasquale Della Penta's motion to direct Liberty Mutual to pay him $633.51, alleged to have been wrongfully withheld when appellant made payment to respondent on a $5,200 arbitration award. Special Term based its decision on the grounds that the "court cannot look behind the award which is valid on its face. No motion to vacate or modify the award was made pursuant to CPLR 7511 within the required ninety-day limit". In holding that appellant had no lien on the award for the $633.51 workmen's compensation payments made to respondent by appellant, Special Term cited as its authority our decision in *McCormack v General Acc. Fire & Life Assur. Corp.* (40 AD2d 586). We do not agree with this conclusion.

Appellant's fact statement, to which respondent has stipulated, discloses the following. While driving a Red Star Express truck in the course of his employment respondent was

injured in a collision with an uninsured automobile. Appellant Liberty Mutual, the insurance carrier for Red Star Express on both workmen's compensation and automobile liability coverage, made compensation payments to respondent totaling $633.51. Thereafter, respondent made a claim against appellant pursuant to the uninsured motorist indorsement of the liability policy covering Red Star Express. The claim was submitted to arbitration and the arbitrator awarded respondent $5,200 "in full settlement of all claims submitted to this arbitration". Appellant paid respondent the amount of the award but deducted therefrom the $633.51 which it had previously paid respondent in workmen's compensation benefits, claiming that the setoff was proper under the terms of the uninsured motorist indorsement of the automobile liability policy.

The uninsured motorist indorsement provides in part I that the "company will pay all sums which the insured * * * shall be legally entitled to recover" from the owner or operator of an uninsured vehicle on account of an accident injury, provided that "determination as to whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured * * * and the company or, if they fail to agree, by arbitration". The indorsement further provides (§ III, subd [b]) that: "(b) any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by * * * (2) the amount paid * * * under any workmen's compensation law".

The answer to the question here presented is found in *Matter of Durant [MVAIC]* (15 NY2d 408). The respondent in *Durant,* like the instant respondent, demanded arbitration of a personal injury claim under an uninsured motorist indorsement. "The endorsement [like the endorsement in the case at bar] setting up arbitration expressly provided that 'Any amount payable' under the terms of the endorsement 'shall be reduced by' amounts paid under any workmen's compensation law" (p 411). The award in *Durant,* like the award in the instant case, recites that it is in full settlement of all claims submitted in this arbitration. MVAIC took the position that any award should be reduced by the amount paid claimant by the workmen's compensation carrier. Special Term in *Durant,* citing *Matter of Rosenbaum (American Sur. Co. of N.Y.)* (11

NY2d 310, 313), reasoned that the arbitration indorsement empowered the arbitrator to decide only the issue of fault and damages and that MVAIC "did not consent to a submission of the issue of limitation to the arbitrator". The Appellate Division reversed on the ground that the workmen's compensation deduction provision was void because it violated the Workmen's Compensation Law. The Court of Appeals disagreed and modified the order "to the extent of deducting workmen's compensation benefits from the award" *(Matter of Durant [MVAIC]*, 15 NY2d 408, 412, *supra)*.

To like effect is *Matter of Napolitano (MVAIC)* (21 NY2d 281, 285), which also involved an uninsured motorist indorsement specifically providing that "any amount payable under the endorsement * * * shall be reduced by * * * the amount payable 'on account of such bodily injury under any workmen's compensation law'". The court stated at pages 285 to 286 that "[o]ur holding today, coupled with our decision in *Durant (supra)*, renders the arbitrator powerless to make an award". The court held that any workmen's compensation benefits paid to the decedent during his lifetime must be set off against any arbitration award payable to the next of kin on their wrongful death claim. We agree with the following statement made by Chief Judge FULD at page 286 in his concurring opinion: "Since, however, the result we are now reaching is compelled by the language contained in the standard uninsured motorist endorsement (Conditions, No. 5, par. [b])—which had the approval of the Superintendent of Insurance—the Legislature might well consider the advisability of amendatory legislation to eliminate the apparent inequity resulting to the injured person".

Respondent's reliance on section I (c) of the policy indorsement is misplaced. That section provides: "This insurance does not apply: * * * (c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law". Respondent appears to argue that because appellant Liberty Mutual is both the uninsured motorist carrier and the workmen's compensation carrier, a setoff would "inure indirectly" to the benefit of the workmen's compensation carrier. In order to interpret section I (c) as barring a setoff we would be compelled to ignore the much clearer and more specific provision of section III (b) (2), quoted

above. It seems likely that the language of section I (c) aims to absolve the uninsured motorist carrier of the obligation to pay in situations where some other obligee would have a lien on the proceeds of the personal injury recovery.

Furthermore, we find no merit in respondent's argument that appellant carrier waived any right to a setoff by failing to assert its setoff claim before the arbitrator or by not moving within the 90 days limited by CPLR 7511 to vacate the award. The Court of Appeals has "repeatedly held that the jurisdiction of the arbitrator under a standard MVAIC [uninsured motorist] endorsement is limited to the fact issues of fault and damages" *(Matter of Napolitano [MVAIC]*, 21 NY2d 281, 284, *supra)*. All other matters are beyond the scope of the agreement to arbitrate *(Matter of Rosenbaum [American Sur. Co. of N.Y.]*, 11 NY2d 310, 314, *supra)*. Moreover, the language of section III (b) (2) of the uninsured motorist indorsement itself contemplates that the reduction of workmen's compensation benefits will be made *after* the arbitrator has fixed the award. This conclusion is fortified by the fact that the court in *Matter of Durant* [MVAIC] (15 NY2d 408, 411, *supra)* chose these words to express its holding: "Appellant was entitled, therefore, to have deducted from the $10,000 found by the arbitrator as the amount payable the sum of $6,710 paid petitioner as workmen's compensation benefits".

*McCormack v General Acc. Fire & Life Assur. Corp.* (40 AD2d 586, *supra)*, relied upon by Special Term and respondent, is, indeed, inapposite. In that case an insured injured by an uninsured automobile settled with his carrier under the uninsured motorist indorsement, and thereafter his employee disability benefits carrier filed a lien against the settlement under section 227 of the Workmen's Compensation Law. We held the lien invalid "[p]ursuant to the express language of the Motor Vehicle Accident Indemnification Endorsement and in accordance with the holdings of the Court of Appeals in" *Durant (supra)* and *Napolitano (supra)*. The "express language" relied upon in *McCormack* is identical to that in section 1 (c) of the indorsement in the case at bar. The issue in *McCormack* was the validity of the disability benefits carrier's statutory lien upon the proceeds of a settlement between the insured and the uninsured motorist indorsement carrier. The instant case presents the quite different question—whether the carrier paying an uninsured motorist arbitration award has a valid contractual right to reduce the payment by the

amount of workmen's compensation benefits received by the claimant. We hold that the carrier does have such a right.

The order should be reversed.

MARSH, P.J., CARDAMONE, SIMONS and MAHONEY, JJ., concur.

Order unanimously reversed without costs and motion denied.