COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* JACK MILLER, Defendant.

First Department, October 22, 1957.

*Gladys M. Foster* of counsel (*William H. Stieglitz* and *Arnold M. Herzog* with her on the brief; *Charles G. Tierney,* attorney), for plaintiffs.

*Richard B. Schwartz* for defendant.

BOTEIN, J. A controversy between the parties as to the enforcibility of a lien under the Workmen's Compensation Law has been submitted to this court for decision upon an agreed statement of facts, pursuant to sections 546–548 of the Civil Practice Act. The facts, as stipulated by the parties, are as follows.

Defendant, an employee, was injured in the course of his employment as the result of an accident allegedly caused by the negligence of one Turner. Defendant made claim for workmen's compensation benefits, and plaintiff State Insurance Fund, as his employer's compensation carrier, paid him $413.46.

Defendant also attempted to bring an action against Turner, the alleged wrongdoer. However, upon learning that Turner was an uninsured driver, defendant made claim instead against the Fidelity & Casualty Company, his own liability insurer.

That company, in consideration of an extra premium, had added an uninsured drivers benefits indorsement to its policy, providing that it would "pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile". The Fidelity & Casualty Co. settled the claim by paying Miller the sum of $2,750. The State Insurance Fund asserts a lien on these proceeds under section 29 of the Workmen's Compensation Law to the extent of the compensation benefits paid.

Although condition 3 (subd. [c]) of the uninsured drivers benefits indorsement provided that the amount paid thereunder was to be over and above any compensation benefits received, and exclusion 3 thereof specified that the insurance was not "to enure directly or indirectly to the benefit of any workmen's compensation carrier", plaintiff fund insists that it has a lien accorded it by law which cannot be affected by the provisions of a private contractual agreement.

It does not appear, however, that the law gives the compensation carrier a lien on all recoveries an injured employee obtains from others, regardless of the source. Subdivision 1 of section 29 of the Workmen's Compensation Law provides that where an employee has been injured by the negligence or wrong of another, he may "pursue his remedies against such other", with the compensation carrier being accorded a lien "on the proceeds of any recovery from such other". Here, however, the injured employee did *not* pursue his remedy against the tort-feasor, nor did he obtain any recovery from the tort-feasor. Instead, he received payment from his own insurer.

The fund argues that this makes no difference, that it has a lien on all tort recoveries, and that defendant's insurer has agreed to stand in the shoes of the tort-feasor. Defendant's insurer cannot, however, be deemed the *alter ego* of the tort-feasor. It does not insure the tort-feasor against liability; it insures its policyholder against the risk of inadequate compensation for his compensable injuries. Its liability to defendant is contractual, although premised in part upon the contingency of a third party's tort liability.

The compensation carrier has a right to expect an injured employee to pursue whatever remedies he may have against a third-party tort-feasor, and if the employee fails to do so, the compensation carrier may protect its lien by pursuing his remedies for him (Workmen's Compensation Law, § 29, subd. 2). It has no right to expect an employee to supplement his common-law remedies and the compensation carrier's statutory lien, by purchasing his own insurance. If the

employee does choose to expend his own funds to provide additional protection for himself, whether by paying for an accident and health policy, or by having a medical payments or uninsured drivers benefits clause added to his liability policy, the compensation carrier does not thereby acquire additional rights. It does not become a third-party beneficiary of the employee's insurance contract. Nor is it subrogated to the employee's contractual rights if the employee fails to assert them.

In the event that defendant's insurer, acting in defendant's name under the trust agreement provisions of the policy, subsequently achieves a recovery from the tort-feasor, plaintiff's rights to a compensation lien thereon remain unimpaired. If defendant's insurer fails to act, the cause of action against the tort-feasor passes to plaintiff by operation of law. Absent any recovery from the alleged wrongdoer, plaintiff can have no lien on the sums received by the defendant. It follows that judgment must be rendered in favor of the defendant.

PECK, P. J., BREITEL, RABIN and FRANK, JJ., concur.

Judgment unanimously directed in favor of the defendant. Settle order on notice.