**Henry Niekamp, Plaintiff-Appellant, v. Allstate Insurance Company, Defendant-Appellee.**

**Gen. No. 49,617.**

First District, First Division.

October 19, 1964.

Sanford R. Ross and Fredric N. Richman, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John L. Kirkland and D. Kendall Griffith, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a declaratory judgment action, plaintiff seeks construction of an "Uninsured Motorist" coverage clause in a policy of insurance issued by defendant, Allstate Insurance Company, to plaintiff. In a non-jury trial, and on a stipulation of facts, judgment was entered for defendant, and plaintiff appeals.

The question presented is whether defendant is entitled to credit against its liability, workmen's compensation benefits received by plaintiff, which plaintiff will be required, by law, to repay out of the proceeds of a prospective settlement to be made with a third motorist involved in the occurrence.

Plaintiff, Henry Niekamp, was injured on December 5, 1962, when struck by an automobile driven by an uninsured motorist, Angel Flores, which had previously collided with another automobile driven by an insured motorist, Florence Fitzgerald. At the time of the occurrence, there was in effect a contract of insurance issued by defendant, Allstate Insurance Company, to plaintiff, containing uninsured motorist protection up to the limit of $10,000. The policy also contained a provision to allow defendant to reduce any amounts it be liable to pay plaintiff "by the

amount paid and the present value of all amounts payable to him under any Workmen's Compensation law." Plaintiff has received in excess of $10,000 under the Illinois Workmen's Compensation Act.

Subsequent to the occurrence, plaintiff filed suit against both Flores and Fitzgerald, which case is still pending. Fitzgerald's insurance carrier has offered plaintiff $17,500 in settlement of his claim against Fitzgerald, out of which plaintiff will be required to repay his employer's workmen's compensation carrier for all compensation benefits paid to plaintiff.

In view of the prospective repayment, plaintiff has made claim upon defendant under the "Uninsured Motorist" clause, since it is stipulated that Flores is an uninsured motorist within the meaning of the contract. Defendant has refused to pay, relying on the limitation of liability provision, contending that since plaintiff has received in excess of $10,000 in compensation benefits, and as the policy limitation is $10,000, it is not required to make any payment to plaintiff.

The provision relied on by plaintiff is as follows:

> "Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident, and arising out of the ownership, maintenance, or use of such automobile."

The policy provision relied on by defendant is:

> "Limits of Allstate's liability
> "Any loss payable to any person under the terms of this Section II shall be reduced by the amount paid and the present value of all amounts payable to him under any Workmen's Compensation law."

It is plaintiff's theory that the limitation of liability provision is wholly inapplicable here, as the policy provision itself is silent as to the effect of plaintiff's *repayment* of workmen's compensation benefits paid to him. Plaintiff contends this silence leaves the limitation of liability provision ambiguous and speculative. Therefore, it must be strongly construed against the defendant insurance company. Authorities cited include Canadian Radium and Uranium Corp. v. Indemnity Ins. Co. of North America, 411 Ill 325, 104 NE2d 250 (1952), where it is said:

> "The construction to be given insurance contracts, like other contracts, should be a natural and reasonable one. . . . If the language is clear, the terms are to be taken and understood according to their plain, ordinary and popular sense . . . . But because the insurer is the one who prepares the contract, ambiguous or equivocal expressions whereby the insurer seeks to limit its liability will be construed most strongly against the insurer."

Defendant contends that the silence of the policy concerning the effect of repayment of the compensation benefits paid, that is, the absence of an exception when repayment is made or *required,* indicates that such repayment is to have *no effect* on the credit provision. Defendant further contends that the "Uninsured Motorist" provisions are unambiguous and unequivocal.

■ We think the language of both provisions is clear and unambiguous and must be construed as written, according to their plain, ordinary and popular sense. Miller v. Madison County Mut. Automobile Ins. Co., 46 Ill App2d 413, 418, 197 NE2d 153 (1964).

Under the "Uninsured Motorist" provision, plaintiff is provided with coverage for bodily injury sustained

by him if he is "legally entitled" to receive damages from the owner or operator of an uninsured automobile. If he is entitled to "Workmen's Compensation law" benefits, he is to receive the difference between the amount of his damages, not exceeding the policy limits of $10,000, and the amount of compensation benefits paid him.

Plaintiff further contends that when, as required by law, he repays the compensation benefits out of the pending Fitzgerald settlement, the amount paid him under the Illinois Workmen's Compensation Act, he is, in effect, left "in a position whereby he has not been paid anything from workmen's compensation." He argues that, since his actual monetary position is not enhanced by the workmen's compensation he was paid, and which he must repay, the limitation of liability provision does not apply and should be declared inapplicable in this case.

█ The absence of language about repayment of such benefits does not create an ambiguity, nor does it create an opportunity for "the exercise of inventive powers for the creation of an ambiguity where none exists." Also, this court has no right to make a new contract for the parties. (McCann for Use of Osterman v. Continental Cas. Co., 6 Ill App2d 527, 533, 128 NE2d 624 (1955).) Plaintiff would have this court construe the word "paid" in the limitation of liability provision as meaning "paid and retained." The word "paid" is used unequivocally and without qualification. This unqualified term must be used in its "plain, ordinary and popular sense" here.

█ Plaintiff has been "paid" workmen's compensation benefits beyond the limit of defendant's liability and, although by law is required to repay the benefits out of any settlement made with a third motorist, we hold he cannot be permitted to use this

368

required repayment in order to defeat a credit which has accrued to defendant. Therefore, the judgment for defendant must be affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.