Per Curiam.

The petitioner’s demand for arbitration was in the role of an “ insured ’ ’ under the terms of a motor vehicle liability policy which contained an endorsement providing coverage by the Motor Vehicle Accident Indemnification Corporation against injury by an uninsured vehicle in pursuance of subdivision 2-a of section 167 of the Insurance Law.
This subdivision also authorizes the board of directors of the corporation to prescribe the conditions of coverage subject to the approval of the Superintendent of Insurance. The endorsement setting up arbitration expressly provided that ‘ ‘ Any amount payable ” under the terms of the endorsement “ shall be reduced by ” amounts paid under any workmen’s compensation law.
Appellant was entitled, therefore, to have deducted from the $10,000 found by the arbitrator as the amount payable the sum of $6,710 paid petitioner as workmen’s compensation benefits. That a “Qualified person ” (not an insured) making a claim under section 610 of the Insurance Law would not have an award reduced by compensation payments does not invalidate the specific terms of the submission to arbitration under a valid policy endorsement. Claimant was entitled to interest from the time of the award under sections 480 and 1464 of the Civil Practice Act then in effect.
*412 The order of the Appellate Division should be modified to the extent of deducting workmen’s compensation benefits from the award and, as so modified, affirmed, without costs.