465 P.2d 346

**SOUTHEAST FURNITURE CO. and The State Insurance Fund, Plaintiffs,**

**v.**

**Dean L. BARRETT and The Industrial Commission of Utah, Defendants.**

**No. 11816.**

Supreme Court of Utah.

Feb. 17, 1970.

Robert D. Moore, of Rawlings, Roberts & Black, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Don W. Klingle, of Summerhays, Klingle & Cohne, Salt Lake City, for defendants.

HENRIOD, Justice.

Review of a Commission award. Affirmed without costs.

Defendant Barrett, employee of Southeast, was injured by an uninsured motorist in a car accident, while in the course of his employment. The petitioner Insurance Fund was insurance carrier for his employer. Barrett, at his own expense had purchased an auto liability policy covering, among other things, damages caused by an uninsured motorist.[1] After the collision he applied for and was paid compensation from the Fund. He then made a settlement with his private carrier, executing a release and assignment of his claim. Learning of this, those handling the Fund refused to pay any compensation then or to become due. Hence this litigation.

The Fund-handlers say the Commission erred 1) in allowing the recovery because a) under the meaning of Title 35–1–62,[2] Barrett's recovery from his private carrier was a recovery from a "third person," requiring reimbursement to the Fund, and that even so b) Barrett's release and assignment destroyed the cause of action by the Fund against the *third person*, which cannot be pursued because of the principle against splitting causes of action.

1. Title 41–12–21.1, as amended, Laws of Utah, Ch. 59, Sec. 1, L.Utah 1967, (1969 Pocket Supp. Vol. 5, p. 131) provides that at the election of a purchaser, policies must cover compensable damage caused by an uninsured motorist. Although referred to in the briefs, the legislation is not a controlling factor under the circumstances of this case.
2. "When any injury * * * for which compensation is payable * * * shall have been caused by the wrongful act

* * * of another person * * * the injured employee * * * may claim compensation and * * * may also have an action for damages against such *third person*," and if the carrier becomes obligated to pay compensation, the "carrier shall become trustee of the cause of action against the *third person* and may bring * * * the action either in its own name or in the name of the injured employee * * *."

■ As to 1)a) above, the answer seems to be that the statute itself does not say what counsel for the Fund says it says. Something would have to be read into it which is not there. This, in spite of counsel for the Fund's contention and citation of authority relating to uninsured motorist coverage and its purpose,[3]—and in spite of its cited authorities,[4] which may infer or assume that a private carrier in an uninsured motorist case is the alter ego of a third party tortfeasor. So far as they so conclude, we cannot agree. It would be rather novel to be able to establish tort liability on the part of some third person who is not even a litigant nor has been sued, simply because a carrier who issues a policy with an uninsured motorist clause, makes a settlement with its insured,—perhaps on a nuisance value or good-will basis.

The Fund-handlers concede in the brief that "There is authority that both compensation and workmen's compensation benefits may be received," citing Com'rs of State Ins. Fund v. Miller, 4 A.D.2d 481, 166 N.Y. S.2d 777 (1957); Horne v. Superior Life Ins. Co., 203 Va. 282, 123 S.E.2d 401 (1962). They volunteer, however, that the Jones case, supra, footnote 4, is better reasoned. We do not agree and are constrained to and do approve the Miller and Horne cases they themselves cite, supra, and the language therein contained. They appear to be apropos of our problem here and we commend them to the reader.

■ We think that under the language of 35–1–62, U.C.A.1953, (footnote 2, supra,) a breadwinner has the right to supplement any benefits to which he may be entitled under the workmen's compensation act, by procuring and paying whatever premium he can squeeze out of his budget for an independent policy with an independent carrier in as large an amount as he can afford, without giving up any workmen's compensation benefits. Certainly there is no public policy against protecting him and his family against any added expense over and above such statutory benefits, unless a statute, in clear language, might interdict the application of such foresight and concern about his family's security after the workmen's compensation benefits long since have been exhausted. We think there is no such negative sanction in the statute here unless we deign to indulge in some kind of unwarranted inclusion by implication, of language said to be, but not actually there.

We say all this in an atmosphere of the shrinking dollar, absent a correlative ex-

3. 79 A.L.R.2d 1252.
4. Peterson v. State Farm Mutual Automobile Ins. Co., 238 Or. 106, 393 P.2d 651 (1964), which involves a different and impertinent uninsured motorist approach involving the scope of an insurance commissioner's authority; Jones v. Morrison, U.S.D.Ct.Ark., 284 F.Supp. 1016 (1968), which is a case where the employee sued the *tortfeasor*, requiring a statutory divisional recovery,—not a case, as here, where the employee did *not* sue the third person, but simply settled an independent claim with a private insurer.

pansion of benefits under a perhaps Scroo-gian legislative disinclination to face economic realisms. We say all this, also, in an aura of a status quo compensability under existing workmen's compensation acts for one injured worker, that comparably speaking, is quite niggardly and unrealistic with respect to jury verdicts awarded to another workman, doing the same work and suffering the same injuries, where *his* employer, or its carrier, must respond perhaps tenfold. Which brings us to:

Point 1)b) above, relating to the release and assignment preventing the Commission to pursue a third party tortfeasor to obtain restitution of compensation paid out of the Fund:

In light of what we have said to the effect that Barrett's private insurer is not the alter ego of a tortfeasor, it would seem to follow that the question of splitting a cause of action is not before us. So far as the facts of this particular case are concerned, the administrators of the Fund have whatever rights they had under the statute, irrespective of Barrett's settlement with his *own* insurer under his *own* contract with it. The numerous authorities cited anent splitting of causes, consequently seem inapplicable here. Perhaps our observations with respect to this phase of the case, best might be reflected in Barrett's brief to the effect that: "Notwithstanding the language of the release that Barrett shall 'hold in trust

for the benefit of the company all rights of recovery which *he* shall have,' it cannot be reasonably presumed that a private contract could foreclose rights statutorily granted by the legislature of the state." (Emphasis added.)

CROCKETT, C. J., and TUCKETT, CALLISTER, and ELLETT, JJ., concur.