149 N.J. Super. 442 (1977)
374 A.2d 40
HOWARD WALKOWITZ, PLAINTIFF-APPELLANT,
v.
ROYAL GLOBE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1977.
Decided May 5, 1977.
*443 Before Judges LORA, CRANE and MICHELS.
Mr. Morton Hirschklau, attorney for appellant (Mr. Gary R. Feitlin, of counsel and on the brief).
Messrs. Fenster, Fenster and Farrell, attorneys for respondent (Mr. Stephen B. Fenster, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff Howard Walkowitz appeals from a summary judgment of the Law Division in favor of defendant Royal Globe Insurance Company declaring that the provision of its uninsured motorist (UM) endorsement which provides for a reduction in the amount payable for bodily injury by the amount of any worker's compensation award was not against public policy, and dismissing his damage claim under the UM endorsement because he had been awarded worker's compensation benefits in excess of the $10,000 limit provided by such coverage.
The undisputed facts are that plaintiff sustained personal injuries when he was involved in an automobile accident with an uninsured driver. At the time of the accident plaintiff was in the course of his employment for Rolling Auto *444 Store, Inc. The worker's compensation insurance carrier for Rolling Auto paid plaintiff the compensation benefits awarded, which amounted to $13,750. Plaintiff also made claim as an insured under the UM coverage provided by a liability policy issued to Rolling Auto by Royal Globe. The UM endorsement contains limits of liability for bodily injury of $10,000 a person and $20,000 an accident. Royal Globe declined payment, contending that it was entitled to set off against the $10,000 limit the $13,750 in worker's compensation benefits paid to plaintiff. Justification for the declination of payment was found in the UM endorsement, which, in pertinent part, provides:

III. LIMITS OF LIABILITY
Regardless of the number of insureds under this insurance, the company's liability is limited as follows:
* * * * * * * *
(c) Any amount payable under the terms of this insurance because of bodily injury * * * sustained in an accident by a person who is an insured under the coverage shall be reduced by
* * * * * * * *
(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmens compensation law, disability benefits law or any similar law.
Plaintiff thereupon instituted this action seeking a declaration that the worker's compensation set-off provision was invalid and unenforceable as against public policy and immediately moved for summary judgment. The trial judge denied the motion, holding that the provision was not against public policy. The judge set off plaintiff's compensation award against the limit of coverage available under the UM endorsement and, since the award exceeded the limit of coverage, dismissed plaintiff's complaint. This appeal followed.
N.J.S.A. 17:28-1.1, which mandates the tender of UM coverage, in pertinent part provides:
No automobile liability policy or renewal of such policy, of insurance insuring against loss resulting from liability imposed by law *445 for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is offered in connection therewith, in limits for bodily injury or death set forth in section 9 of chapter 174 of the laws of 1952 (C. 39:6-69), under provisions approved by the Commissioner of Banking and Insurance, for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, * * *.
The statutory mandate is clear. No automobile liability policy shall issue in this State unless it offers coverage equivalent, within its stated limits, to the liability of the uninsured motorist to an insured for damages for bodily injury.[1] Every such policy must offer such coverage, and the statute contains no suggestion of relief from its undertaking in favor of an issuing insurer merely because the insured may also have a right to recover benefits under our Workers' Compensation Act for this same injury. Cf. Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 292 (1974). Consequently, any attempt by the insurer to limit its liability under this coverage by providing for a reduction in the amount due thereunder by the amount of worker's compensation benefits received by or awarded to the insured violates the clear mandate of the statute and is against the public policy of this State. We therefore hold that the worker's compensation set-off provision of the UM endorsement is void and unenforceable.
Our holding is supported by the overwhelming weight of authority throughout the country. No useful purpose would be served by listing the cases following the majority view because most of them have been catalogued in Sweeney v. *446 Hartford Acc. & Indem. Co., 136 N.J. Super. 591, 594, n. 2 (Law Div. 1975), wherein Judge Smith held the identical worker's compensation setoff provision void and unenforceable as against public policy. See also Annotation, "Uninsured Motorist Coverage: Validity and Effect of Policy Provision Purporting to Reduce Coverage by Amount Paid Under Workmen's Compensation Law," 24 A.L.R.3d 1369, 1374-1376 (1969). Contra: Waggaman v. Northwestern Security Ins. Co., 16 Cal. App.3d 571, 94 Cal. Rptr. 170 (D. Ct. App. 1974); Ullman v. Wolverine Ins. Co., 48 Ill.2d 1, 269 N.E.2d 295 (Sup. Ct. 1970); Michigan Mut. Liab. Co. v. Mesner, 2 Mich. App. 350, 139 N.W.2d 913 (App. Ct. 1966); Hackman v. American Mut. Liab. Ins. Co., 110 N.H. 87, 261 A.2d 433 (Sup. Ct. 1970); Durant v. Motor Vehicle Acc. Indem. Corp., 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (Ct. App. 1965).
In reaching our conclusion we considered and rejected the alternate argument advanced by Royal Globe that the worker's compensation setoff provision can be enforced by setting off the amount of the compensation award against the total amount of the insured's damages rather than against the limit of UM coverage. Royal Globe contends that this solution will provide the insured with access to all available coverages in seeking indemnification for his injuries and will eliminate the possibility of double recovery for the same injury. See Selected Risks Co. v. Schulz, 140 N.J. Super. 555, 559 (Ch. Div. 1976). See also Michigan Mut. Liab. Co. v. Mesner, supra. But cf. Jarrett v. Allstate Ins. Co., 209 Cal. App.2d 804, 26 Cal. Rptr. 231 (D. Ct. App. 1962). As we have pointed out above, we are satisfied that the insurer has no warrant to provide for the reduction in the amount payable for bodily injury under the mandated policy by the amount of a worker's compensation award. The provision does not become valid and enforceable merely because the reduction is applied against the insured's total claim as distinguished from the limit of coverage.
*447 Furthermore, although there is the possibility that in certain instances the insured will recover twice for the same injury, we are convinced that as between the insured and the insurer the more equitable result is to permit the insured, who paid the premium for the UM coverage, to recover under the UM endorsement without any deduction for the worker's compensation award.[2] Enforcement of the set-off provision would result in an unwarrantable windfall to the insurer and relieve it of a financial obligation for which it charged and was paid a premium. In this regard the dissenting opinion of Justice Ward in Ullman v. Wolverine Ins. Co., supra is appropriate.
... There is no reason to prohibit a so-called double recovery when one of the recoveries by the employee, i.e., the one against an insurance company, is founded in contract and has been made possible by the employee's payment of premiums. An employee's recovery against an insured motorist is founded in tort. However, his recovery in the case of an uninsured tortfeasor is based on a contract the employee has had with a third person, i.e., the insurance company, which for a premium provided him with uninsured motorist's coverage. There can be no well-founded objection to a so-called double recovery under these circumstances. To deny the employee full recovery is to cause, as I see it, an unjust enrichment of the insurance company to which premiums have been paid.
The majority is concerned by the possibility that if the provision is held contrary to public policy it would mean that the injured employee's extent of recovery would hinge on the fortuitous circumstances that the tortfeasor was uninsured. If this is really a cause for concern this concern should be dissipated by a recognition that the employee's recovery against the uninsured driver would be based on this insurance contract for which the employee would have paid a premium to cover the fortuity that he might sustain damage by the conduct of an uninsured driver. What concerns me is the implicit construction by the majority that the legislature intended to permit an insurance carrier, by restricting its liability, as here, to financially advantage itself by the fortuitous circumstance that its insured when killed or injured was within the protection of the Workmen's Compensation Act. [48 Ill.2d 1, 269 N.E.2d at 300]
*448 Accordingly, we hold that the worker's compensation set-off provision of the UM endorsement here under review is repugnant to the statute and is invalid and unenforceable. Selected Risks v. Schulz, supra, is overruled.
Finally, we hold that plaintiff's claim under the UM endorsement is not barred by our two-year statute of limitations. Absent a provision in the insurance policy or an express statute to the contrary, the statute of limitations applicable to a suit on a policy of insurance, including the UM endorsement attached thereto, is six years. N.J.S.A. 2A:14-1. Selected Risks Ins. Co. v. Dierolf, 138 N.J. Super. 287, 294-295 (Ch. Div. 1975); Breen v. N.J. Manufacturers Indem. Ins. Co., 105 N.J. Super. 302, 309-310 (Law Div. 1969), aff'd o.b. 109 N.J. Super. 473 (App. Div. 1970).
For the foregoing reasons, the summary judgment of the Law Division dismissing the complaint is reversed. Judgment is entered in favor of plaintiff declaring that the worker's compensation set-off provision of the UM endorsement is invalid and unenforceable.
NOTES
[1] The limits of coverage for bodily injury or death were fixed by the statute as those set forth in the Unsatisfied Claim and Judgment Fund Law (see N.J.S.A. 39:6-69), which at the time of the accident here involved were $10,000 a person and $20,000 an accident.
[2] Since there is a possibility of double recovery, our Legislature might well consider the advisability of amendatory legislation to eliminate such possibility.