Verne G. THAMERT, Plaintiff
and Appellant,

v.

CONTINENTAL CASUALTY COMPANY,
a corporation, and Guaranty National
Insurance Company, a corporation, De-
fendants and Respondents.

No. 16763.

Supreme Court of Utah.

Dec. 2, 1980.

Thom D. Roberts of Roberts, Black &
Dibblee, Salt Lake City, for plaintiff and
appellant.

Leonard H. Russon, Salt Lake City, for
Continental Cas. Co.

Robert W. Brandt, Salt Lake City, for
Guaranty Nat. Ins. Co.

TUCKETT, Retired Justice:

The plaintiff appeals from an order of
the District Court denying his motion for a
Summary Judgment and granting the de-
fendants' Motions for Summary Judgments.

The plaintiff filed this action in the court
below seeking to recover benefits he

claimed due under the uninsured motorist provision of two insurance policies. One policy was issued by Continental Casualty Company to the plaintiff's employer, Associated Foods, Inc. The other policy was a contract between the Guaranty National Insurance Company and the plaintiff. The plaintiff's employer, Associated Foods, Inc., contracted with Continental to insure it against casualty losses, which policy also included uninsured motorist coverage. The plaintiff's automobile policy with Guaranty National Insurance Company also included coverage for uninsured motorists.

In addition to the two policies above mentioned, Associated Foods also had a second policy with Continental covering injuries under the Utah Workmen's Compensation Act.

On April 8, 1975, the plaintiff was injured when he was struck by an automobile being driven by an uninsured motorist, one Joseph Cromer. At the time of the accident the plaintiff was acting within the scope of his employment with Associated Foods. The plaintiff applied for and received compensation, which was paid for by Continental under its policy covering Workmen's Compensation in a sum of $22,666.00.

Plaintiff filed an action against Joseph Cromer, the uninsured motorist, whose automobile had struck the plaintiff. In that action a judgment by default was entered in favor of the plaintiff in the sum of $5,000.00 special damages for medical care and treatment, and the sum of $75,000.00 general damages. That judgment remains unsatisfied.

In this action the plaintiff has made claim against the respondent insurance companies under the uninsured motorist provisions of the policies of both. In the course of these proceedings the plaintiff and each of the defendants made separate motions for summary judgment. On June 14, 1979, a hearing was had on Continental Casualty Company's motion, and the motion was denied. Thereafter the plaintiff moved for a Summary Judgment and both defendants filed motions for Summary Judgments.

1. Section 35–1–60, Utah Code Annotated, 1953, as amended.

These motions were heard by a Judge, who had not heard the prior motion. The hearing Judge concluded he was not bound by the prior ruling and granted the motions of the defendants for Summary Judgment.

The policy of Continental contained a provision in the following language:

"Limits of Liability.

\* \* \* \* \* \*

"(b) Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by any person who is an insured under this coverage shall be reduced by . . . .

"(2) The amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefit law or any similar law."

The policy of Guaranty National contained a similar provision.

The defendant, Continental, defends on the grounds that plaintiff's action is barred by the exclusive remedy provision of the Workmen's Compensation Act;[1] that any recovery under the uninsured motorist coverage must be reduced by any amounts paid or payable by the workman's compensation carrier; that any recovery is limited to the $10,000.00, the specified coverage of the policy. The defendant, Guaranty National, asserts two grounds which it claims would entitle it to a Summary Judgment. Those grounds are that any benefits provided for the uninsured motorist provision of the policy are to be reduced by any amounts paid or payable by a workmen's compensation carrier; and that their coverage is excess coverage, limiting its liability to the difference in policy limits which it claims are the same.

In considering the respective positions of the parties we start from the premise that if we are governed by the clear provisions of the policies here involved, the plaintiff cannot recover. However, the plaintiff contends that an insurer cannot by contract, reduce the mandatory uninsured motorist

coverage required by Section 41–12–21.1, Utah Code Annotated, 1953.

A number of states in construing exclusion provisions of insurance contracts hold that the parties are at liberty to agree upon any conditions that are reasonable and not contrary to public policy.[2]

A majority of the courts, however, have adopted the view that permitting offsets by contract would allow insurers to escape all or a part of the liability the legislature mandated they should provide.[3]

The Utah statute requires an uninsured motorist provision be included in each automobile liability policy, unless such provision is rejected by the named insured, in the amounts specified in Section 41–12–5, Utah Code Annotated, 1953. Similar language is found in the statutes of many other states. Unless rejected, the policy provisions pertaining to uninsured motorists are mandatory and may not be varied.

■ We are of the opinion that it was the intent of the legislature in adopting Section 41–14–21.1 that an insured, who availed himself of uninsured motorist coverage would have protection in the amount of not less than $15,000 per person and $30,000 per occurrence. Any attempt to reduce the amounts specified would be contrary to the statute. In this connection it is noted that the statutes of some states provide for offsets of or payments of workmen's compensation and other benefits. The Utah statute has no such provision.

In the Utah case of *Southeast Furniture Company v. Barrett*,[4] cited by the plaintiff and defendants, the defendant Barrett an employee of Southeast, was injured by an uninsured motorist while in the course of his employment. Barrett had purchased an automobile liability policy which included uninsured motorist coverage. After the accident Barrett applied for and was paid workmen's compensation from the Insurance Fund. Barrett then settled with his private insurance carrier, executing a release and assignment. The Insurance Fund then ceased to make further payments. The court stated that one had the right to supplement workmen's compensation payments by procuring other insurance, and that Barrett's insurer was not the alter ego of the tort feasor, and thus was not a third person from whom reimbursement could be demanded under Section 35–1–62. The court also approved the cases of *Commissioners of State Insurance Fund v. Miller*.[5]

■ In this matter we adopt the view and so rule that the defendants should not be permitted to offset payments received by the plaintiff as workmen's compensation. The rule is in accordance with the majority rule.[6] The fact that the Continental Casualty Company was the carrier of workmen's compensation insurance for the plaintiff's employer, as well as a policy of automobile liability with an uninsured motorist provision, cannot affect the result even though Continental assumed and paid to the plaintiff the workmen's compensation. The policies were separate, and separate premiums were paid for each.

■ The problem of procedure raised on appeal concerning one Judge's decision

2. *Jarrett v. Allstate Ins. Co.*, 209 Cal.App.2d 804, 26 Cal.Rptr. 231; *Eliopulos v. North River Ins. Co.*, 219 Cal.App.2d 845, 33 Cal.Rptr. 449; *Niekamp v. Allstate Ins. Co.*, 52 Ill.App.2d 364, 202 N.E.2d 126; *Allen v. United States F. and G. Co.* (1966 La.App.), 188 So.2d 741; *Michigan Mut. Liability Co. v. Mesner*, 2 Mich.App. 350, 139 N.W.2d 913; *Durant v. Motor Vehicle Ind. Corp.*, 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600.

3. *Walkowitz v. Royal Globe Ins. Co.*, 149 N.J. Super. 442, 374 A.2d 40; *Van Hoozer v. Farmers Ins. Exchange*, 219 Kan. 595, 549 P.2d 1354; *The American Insurance Co. v. Tutt*, D.C.Ct. App., 314 A.2d 481; *Sullivan v. Doe*, 159 Mont. 50, 495 P.2d 193; *State Farm Mutual Auto Ins. Co. v. Karasek*, 22 Ariz.App. 87, 523 P.2d 1324; *Standard Acci. Ins. Co. v. Gavin* (Fla.App.) 184 So.2d 229, 24 A.L.R.3d 1359; *Peterson v. State Farm Mut. Auto Ins. Co.*, 238 Or. 106, 393 P.2d 651; see also Supplement of 24 A.L.R.3d 1374, Sec. 4, p. 93.

4. 24 Utah 2d 24, 465 P.2d 346 (1970).

5. 4 A.D.2d 481, 166 N.Y.S.2d 777; *Horne v. Superior Life Ins. Co.*, 203 Va. 282, 123 S.E.2d 401.

6. See authorities cited in note 3, supra.

which set aside a prior ruling of another was erroneous. However, in view of our treatment of the case we deem it harmless.

There are factual problems remaining which require the remand of this case to the District Court for further action. On remand the court should determine the problem of whether either of the defendants may claim its insurance was excess. Also, the court is to consider whether the decision of this case results in an overexposure of one or both defendants.

This matter is ordered remanded and the court below ordered to proceed accordingly, each party to bear his and its costs.

CROCKETT, C. J., and WILKINS and STEWART, JJ., concur.

MAUGHAN, J., does not participate.

HALL, Justice (dissenting):

I do not agree that the insurance contracts in question are either contrary to statute or public policy.

Nowhere in the Utah statutory scheme is motor vehicle liability or uninsured motorist insurance mandated.[1] What is mandated is that an insurer may not issue a policy of motor vehicle liability insurance without a provision therein for uninsured motorist coverage.[2] However, the statute affords the insured the right to reject the latter coverage.[3]

The obvious legislative purpose and intent that emerges from the foregoing statutory provisions is to compel insurers to make uninsured motorist coverage available to their insureds, but not to compel its purchase. The insured is left free to contract for or reject the additional coverage as he sees fit.

In the instant case, the insureds exercised their statutory right to reject the uninsured motorist coverage, although it was only a *partial* rejection thereof; i. e., they simply exercised their freedom to contract and thereby limited their uninsured motorist coverage (assumedly for a corresponding decrease in policy premium) by a sum equal to workmen's compensation benefits paid.

I discern no public policy consideration in this case that warrants infringement of the constitutional right to contract freely. I would therefore affirm the judgment of the trial court.

1. See U.C.A., 1953, 41–12–1, et seq.

