2000 UT 90

Randy O. **LIEBER**, Plaintiff and Appellant,

v.

**ITT HARTFORD INSURANCE CENTER, INC.,** a Connecticut corporation, Defendant and Appellee.

No. 990134.

Supreme Court of Utah.

Nov. 17, 2000.

Rehearing Denied Dec. 7, 2000.

Ralph L. Dewsnup, Salt Lake City, Alan W. Mortensen, Bountiful, for plaintiff.

Jaryl L. Rencher, Stephen W. Owens, Salt Lake City, for defendant.

## AMENDED OPINION

DURHAM, Justice:

¶ 1 Plaintiff Randy Lieber appeals from a decision of the trial court granting summary judgment in favor of ITT Hartford Insurance Center, Inc., and denying Lieber's cross-motion for summary judgment and his request for attorney fees. We reverse and remand.

### FACTS

¶ 2 This is a personal injury action brought by Lieber against several defendants for damages he sustained in a multi-vehicle accident while traveling on Interstate 15 on November 23, 1993. At the time of the accident, Lieber was employed by Kraft Food Service, was driving a vehicle owned by Kraft, and was acting within the scope of his employment. Lieber filed for and received workers' compensation benefits through Kraft's compensation insurer, Hartford. The Kraft vehicle that Lieber was driving at the time of the accident was insured through a separate business automobile policy issued

by Hartford. This policy contained the following exclusionary language:

B. EXCLUSIONS

This insurance does not apply to any of the following:

. . .

3. WORKERS' COMPENSATION

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation . . . law or similar law.

¶ 3 Endorsement No. 110 of Hartford's auto policy, entitled "Utah Uninsured Motorist Coverage," provided in part:

A. COVERAGE

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." . . .

. . .

C. EXCLUSIONS

This insurance does not apply to any of the following:

. . .

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

¶ 4 Endorsement No. 26 of the policy, entitled "Auto Medical Payments Coverage," provided in part:

C. EXCLUSIONS

This insurance does not apply to any of the following:

. . .

4. "Bodily injury" to your employee arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic employees if not entitled to workers [sic] compensation benefits.

¶ 5 As part of his personal injury action, Lieber brought third-party claims against

two "ghost" defendants, who allegedly partially caused the accident, but who fled the scene and whose identities are unknown. Lieber named Hartford as a defendant in a representative capacity for the two unknown drivers and any underinsured drivers involved in the accident. On October 28, 1997, Hartford moved for summary judgment based on the exclusive remedy provision of the Utah Workers' Compensation Act, Utah Code Ann. § 34A–2–105(1) (Supp.1999),[1] and the exclusionary language in its policy. In response, Lieber filed a motion for partial summary judgment and for attorney fees. Following oral argument, the trial court granted Hartford's motion and denied Lieber's motions. In its final order, filed on November 23, 1998, the trial court concluded that "Utah Code Ann. § 31A–22–305(4)(b)(ii) bars an employee from collecting from his employer both worker's [sic] compensation benefits and uninsured motorist coverage" and that "Hartford's policy also explicitly states in several places that no insurance is provided to employees who received benefits under the worker's [sic] compensation act." This order was certified as a final order pursuant to rule 54(b) of the Utah Rules of Civil Procedure.

ANALYSIS

¶ 6 On appeal, Lieber argues that the trial court erred in holding that: (1) section 31A–22–305(4)(b)(ii) of the Utah Code bars an employee, injured in a car accident, from collecting both workers' compensation and uninsured motorist coverage; (2) Hartford's policy excludes uninsured coverage when an employee, injured in a car accident, receives workers' compensation benefits; and (3) he was not entitled to attorney fees. We address each argument separately.

I. STATUTORY ANALYSIS

¶ 7 Lieber challenges the trial court's interpretation of section 31A–22–305(4)(b)(ii).[2] "In matters of pure statutory

---

1. To aid the reader, we cite the most recent version of this statute and note that subsection (1) has not been substantively altered since Lieber's accident in 1993.

2. Lieber challenges the trial court's interpretation of section 31A–22–305(4)(b)(ii) on two grounds: (1) that the interpretation conflicts with the plain language of the statute; and (2) that the interpretation violates the open courts

interpretation, an appellate court reviews a trial court's ruling for correctness and gives no deference to its legal conclusions." *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518, 519 (Utah 1997) (citing *State v. Vigil*, 842 P.2d 843, 844 (Utah 1992)). Moreover, when called upon to interpret a statute, "our primary goal is to give effect to the legislature's intent in light of the purpose the statute was meant to achieve." *Evans v. State*, 963 P.2d 177, 184 (Utah 1998). The best evidence of the true intent and purpose of the legislature in enacting a statute is the plain language of the statute. *See State v. Hunt*, 906 P.2d 311, 312 (Utah 1995). "We therefore look first to the statute's plain language." *Evans*, 963 P.2d at 184. To resolve Lieber's challenge, we must consider the language of three different statutes.

■ ¶ 8 Initially, we examine section 31A–22–305(3) which states, in relevant part:

> Uninsured motorist coverage ... provides coverage for covered persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, disease, or death....

Utah Code Ann. § 31A–22–305(3) (Supp. 1999).[3] The operative phrase in this subsection for purposes of this appeal is "legally entitled to recover." This phrase has previously been interpreted to mean that a claimant must have "a viable claim that is able to be reduced to judgment in a court of law." *Peterson v. Utah Farm Bureau Ins. Co.*, 927 P.2d 192, 195 (Utah Ct.App.1996) (drawing upon cases interpreting "legally entitled to recover" in uninsured context to determine meaning of same phrase in underinsured context). Applying a plain language analysis to this phrase in the instant case, we believe this interpretation is correct and hereby adopt it.

■ ¶ 9 Next, we move to the following subsection, Utah Code Ann. § 31A–22–305(4), the statute Lieber argues the trial court misinterpreted. The relevant portion of this subsection states:

> This [uninsured motorist] coverage does not apply to an employee, who is injured by an uninsured motorist, whose exclusive remedy is provided by Title 34A, Chapter 2, Workers' Compensation Act ["WCA"].

Utah Code Ann. § 31A–22–305(4)(b)(ii) (Supp.1999).[4] In interpreting this statute, our first question concerns its relationship to the previous subsection, section 31A–22–305(3). To answer this question, we look to the principle that "a statute should be construed as a whole, with all of its provisions construed to be harmonious with each other." *Nixon v. Salt Lake City Corp.*, 898 P.2d 265, 268 (Utah 1995); *see also Utah State Road Comm'n v. Friberg*, 687 P.2d 821, 831 (Utah 1984). Based on this principle, we conclude that an employee whose exclusive remedy is provided by the WCA is someone who has no viable claim that can be reduced to a judgment in a court of law. In other words, subsection (4)(b)(ii) further clarifies who is or is not someone legally entitled to recover under subsection (3).

■ ¶ 10 This conclusion leads to the next question in interpreting this subsection, namely, who is an employee "whose exclusive remedy is provided by [the WCA?]" Utah Code Ann. § 31A–22–305(4)(b)(ii). Based on our analysis so far, we know that such employees are those who have no viable claim they can reduce to judgment. For further guidance as to the meaning of this language, we turn to the third statute necessary to our analysis, the exclusive remedy provision of the WCA. This statute states in relevant part:

> The right to recover compensation pursuant to this chapter for injuries sustained by an employee ... shall be the exclusive remedy *against the employer* and shall be the exclusive remedy *against any officer, agent, or employee of the employer* ....

provision of the Utah Constitution, Utah Const. art. I, § 11. Because we resolve Lieber's appeal on the first ground, we do not reach the second.

3. Again, to aid the reader, we cite the most recent version of this statute and note that sub-

section (3) has not been substantively altered since 1993.

4. We cite the most recent version of this statute, noting that the relevant portion of subsection (4) has not been substantively altered since 1993.

Utah Code Ann. § 34A–2–105(1) (emphasis added). Interpreting this statute according to its plain language, it is clear that the WCA provides the sole, or exclusive, mechanism for recovery when injured employees, or their family members or heirs, attempt to recover compensation for the employees' work-related injuries from their employer, or from an officer, agent, or employee of their employer. *See Peterson,* 927 P.2d at 194–97 (holding that exclusive remedy provision of WCA precludes recovery of underinsured benefits by employee injured by co-employee because employee was not "legally entitled to recover" from co-employee). Thus, an injured employee has no viable claim against these entities/persons. However, because the statute does not list any other entities or persons against whom the WCA provides the exclusive remedy to injured employees, we conclude that the WCA is not the exclusive remedy for injured employees who seek to recover from someone who is not their employer, or an officer, agent, or employee of the employer, and that such employees do have viable claims against such third parties. *See Biddle v. Washington Terrace City,* 1999 UT 110, ¶ 14, 993 P.2d 875 (stating that "omissions in statutory language should be taken note of and given effect." (internal quotation marks omitted)).

¶ 11 With this clarification, we return to section 31A–22–305(4)(b)(ii). Again, according to its plain language, uninsured coverage "does not apply to an employee, who is injured by an uninsured motorist,

whose exclusive remedy is provided by [the WCA]." Utah Code Ann. § 31A–22–305(4)(b)(ii). From the foregoing analysis of the exclusive remedy provision of the WCA, it is ·clear that uninsured coverage is not available when the uninsured driver is the employer, or an officer, agent, or employee of the employer because the WCA precludes the employee from having a viable tort claim outside its parameters. In contrast, we hold that such claims, and the resultant coverage, are available when, as in the present case, the uninsured driver is a third party. The WCA does not preclude injured employees in this situation from having alternative viable claims against an uninsured third-party tortfeasor and consequently, against an uninsured motorist insurance carrier.[5] We therefore conclude that the trial court erred when it interpreted section 31A–22–305(4)(b)(ii) to preclude recovery of both workers' compensation and uninsured motorist benefits in every case.[6]

## II. CASE LAW

¶ 12 Our interpretation of section 31A–22–305(4)(b)(ii) is in full accordance with *Thamert v. Continental Casualty Co.,* 621 P.2d 702 (Utah 1980). In *Thamert,* an employee was injured by an uninsured motorist and obtained a judgment against him. *See id.* at 703. Following that action, the employee instituted a second proceeding against the employer's insurer, who had contracted to

---

**5.** Hartford argues that it is the alter ego of Kraft, and that it should be considered an "employer" for purposes of this case. We are not persuaded by this argument. Hartford maintains separate offices, employs completely different employees, and engages in an entirely different business than does Kraft. Moreover, Kraft hired Hartford as an independent entity to provide uninsured motorist insurance, rather than provide such insurance itself. These facts persuade us that Hartford is not Kraft's alter ego.

**6.** To support its interpretation of section 31A–22–305(4)(b)(ii), the trial court relied upon *Neel v. State,* 889 P.2d 922 (Utah 1995). There, we held that an injured employee can recover both workers' compensation and personal injury protection ("PIP") benefits, but that the PIP benefits could be reduced by the amount recovered under a workers' compensation policy. *See id.* at 925. In reaching our holding we stated:

> Had the legislature intended PIP insurers to have an absolute defense against injured employees, lawmakers could have easily added language to the statute indicating this intent. Interestingly, in wording the uninsured and underinsured motorist coverage statute, the legislature did that very thing by adding this language: "This coverage does not apply to an employee, who is injured by an uninsured motorist, whose exclusive remedy is provided by ... Workers' Compensation."

*Id.* at 926. This statement does not undermine our holding today. It merely reiterates our conclusion that uninsured carriers have an absolute defense against injured employees whose exclusive remedy is provided by the WCA, but that such carriers lose that absolute defense when injured employees have causes of action against someone *not listed* in the exclusive remedy section of the WCA.

provide uninsured motorist coverage, and against the employee's own uninsured motorist insurer. *See id.* at 702–03. As in the present case, the employer's insurer had issued the employer a second, separate policy covering injuries under Utah's WCA. *See id.* at 703. Also like the present case, the employee in *Thamert* received workers' compensation from the employer's insurer under the employer's workers' compensation policy. *See id.*

¶ 13 Under these facts, this court concluded that the defendant insurer should not be permitted to offset payments due the employee under the uninsured motorist policy by those received by the employee under the workers' compensation policy. *See id.* at 704. We thereby validated the employee's recovery of both workers' compensation and uninsured motorist benefits when the uninsured driver was someone other than the employer, or an officer, agent, or employee of the em-

ployer.[7] *See id.* In light of our clear decision in *Thamert,* it is surprising that neither party cited this case to the trial court. Only Hartford's counsel, of course, had an ethical obligation to do so if they were aware of the precedent. *See* Utah Rules of Professional Conduct rule 3.3(a)(3).

## III. CONTRACTUAL ANALYSIS

■ ¶ 14 Lieber also challenges the trial court's interpretation of Hartford's uninsured motorist policy. However, because we have concluded that section 31A–22–305(4)(b)(ii) does not preclude an employee from recovering both workers' compensation and uninsured motorist benefits so long as the latter are sought from someone other than the employee's employer, or an officer, agent, or employee of the employer, we find it unnecessary to treat the trial court's analysis of

7. As further support for this position, we note the following cases, which have concluded, either directly or implicitly, that injured employees can recover both workers' compensation benefits and uninsured benefits, so long as they seek to recover the latter from someone other than those listed in the state's workers' compensation exclusive remedy provision. *See Perkins v. Insurance Co. of N. Am.,* 799 F.2d 955, 959 (5th Cir.1986) (stating that "[i]t is clear that under the Mississippi worker's [sic] compensation statute an employee injured in the scope of his employment by the negligence of a co-employee may not recover from the co-employee because worker's [sic] compensation is the injured employee's exclusive remedy for work-related injuries against either his employer or his co-employees"); *Sanders v. Doe,* 831 F.Supp. 886, 891–92 (S.D.Ga.1993) (holding that exclusivity provision of South Carolina's workers' compensation statute did not prevent employee, injured by driver whose identity was unknown, from recovering both workers' compensation and uninsured motorist benefits); *Beard v. Assumption Parish Police Jury,* 413 So.2d 923, 924 (La.Ct.App.1982) (holding that employee, injured while riding as a passenger in a motor vehicle, could not recover both workers' compensation and uninsured motorist benefits because driver of motor vehicle was a co-employee); *William v. City of Newport News,* 240 Va. 425, 397 S.E.2d 813, 816 (1990) ("[W]e have held that uninsured motorist protection is unavailable to an employee if the uninsured motorist causing the injury was a fellow-employee.... In contrast, we have not prevented an employee injured in the course of his employment from exercising his rights under the uninsured motorist provisions where the injury was inflicted by someone other than a fellow-employee....")

On a more general basis, we note that the overwhelming majority of jurisdictions simply presume that an injured employee can recover both workers' compensation benefits and uninsured motorist benefits. This observation is based upon two ALR articles discussing the propriety of either the workers' compensation carrier or the uninsured carrier reducing the benefits it pays by the benefits the employee received under the alternative policy. *See* Jeffrey L. Cole, Annotation, *Right of Employer or Workers' Compensation Carrier to Lien Against, or Reimbursement out of, Uninsured or Underinsured Motorist Proceeds Payable to Employee Injured by Third Party,* 33 A.L.R.5th 587, 587–618 (1995 & Supp. 1999) (noting cases from thirty-five jurisdictions); Jeffrey L. Cole, Annotation, *Uninsured and Underinsured Motorist Coverage: Validity, Construction, and Effect of Policy Provision Purporting to Reduce Coverage by Amount Paid or Payable Under Workers' Compensation Law,* 31 A.L.R.5th 116, 116–70 (1995 & Supp.1999) (noting cases from forty-three jurisdictions). We acknowledge that the cases cited in these articles come down on both sides of the particular issue discussed in the articles. However, whether or not the cases permit a lien or reimbursement, they are all premised on the underlying assumption that the employee has a right to both workers' compensation and uninsured motorist benefits, which, in some jurisdictions, may be subject to a later lien or reimbursement demand. Likewise, regardless of whether the cases uphold provisions in insurance policies purporting to reduce coverage by amounts paid/payable under workers' compensation acts, the employee must be initially allowed to recover both workers' compensation and uninsured motorist benefits, subject, in some jurisdictions, to any applicable reduction.

Hartford's uninsured motorist policy. Instead, to the extent that any provision in this policy is not in harmony with the statutory requirements as we have interpreted them today, we hold such provisions invalid on the facts of this case.[8]

## IV.  ATTORNEY FEES

¶ 15  Finally, Lieber appeals the trial court's denial of his request for attorney fees. Because it granted Hartford's motion for summary judgment, the trial court denied Lieber's request.  In light of our opinion, we remand this issue for the trial court's consideration.

¶ 16 Typically, an award of attorney fees may be made "if the court determines that the action or defense to the action was [i] without merit and [ii] not brought or asserted in good faith."  Utah Code Ann. § 78–27–56 (1999).  The second part of this test drops out, however, in first-party insurer actions.  See *Gibbs M. Smith, Inc. v. United States Fidelity & Guar. Co.*, 949 P.2d 337, 344 (Utah 1997).  Attorney fees may be awarded where a breach of the implied covenant of good faith and fair dealing, inherent in every insurance contract, has occurred. See *id.*  It is unnecessary to show bad faith in proving a breach of the covenant.  *See Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 n. 2 (Utah 1996).

¶ 17 Under the first part of the test, this action was clearly meritless.  The precise issue argued by Hartford in the instant case, which its brief asserts "is apparently one of first impression for this Court," Appellee's Brief at 18, was effectively decided by this court twenty years ago.  *See Thamert v. Continental Cas. Co.*, 621 P.2d 702 (Utah 1980).  Since Hartford did not even cite *Thamert* in its brief, much less argue for overruling established precedent, we find that as a matter of law its action lacked merit, thus satisfying the first requirement of the statute.

¶ 18 Moreover, any argument that Hartford's liability to Lieber is third-party rather than first-party would be incorrect.  Lieber's claim springs from the contract Lieber's employer made with Hartford.  It is therefore first-party (contractual) liability.  It does not stem from Hartford's indemnification of a tortfeasor for liability to a third party.  *See Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 n. 2 (Utah 1985).  In this case, the employer paid to have Hartford compensate Lieber for injuries he might suffer from a third-party uninsured motorist;  that is classic first-party liability.  Lieber is thus stepping into the employer's shoes, not suing his employer.

¶ 19 Satisfaction of the implied covenant of good faith on Hartford's part " 'contemplates, *at the very least,* that [it] will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.' "  *Smith*, 949 P.2d at 344 (quoting *Beck*, 701 P.2d at 801) (emphasis added).  We hold that, as a matter of law, an insurer is obliged to assess the black-letter law in the jurisdiction in which the claim arises, and to act accordingly.[9]  This obligation to properly assess the law extends to the legal assertions a party and its counsel may make in litigation.  We thus remand to the trial court to determine whether or not Hartford met the minimum standard in "in-

---

8.  To support its decision upholding the validity of language in Hartford's policy implying that no insurance would be provided to employees who received benefits under the WCA, the trial court relied upon *Peterson*, 927 P.2d at 194–97.  There, we held that an underinsured motorist insurance carrier's obligation under its contract with an injured employee did not arise unless the employee could obtain a legal determination of the underinsured motorist's liability, something the employee could not do because the exclusive remedy provision of the WCA precluded him from suing the underinsured driver since that driver was a co-employee.  *See id.* at 196–97.

Because this holding disposed of the case, we did not consider the validity of the contractual language in the underinsured policy at issue.  *Peterson* does not, therefore, support the proposition that exclusionary language in underinsured or uninsured motorist policies is valid.

9.  We do not intend to discourage good faith arguments regarding an examination of the law as it stands, and ways in which parties believe it should change.  Hartford has not made such an argument.

vestigating" and "fairly evaluating" Lieber's claim.[10]

¶ 20 To aid in this determination, we note the following with respect to Hartford's brief in this appeal. Hartford's brief states that it "recognizes a split of authority on the issue" of whether the payment of workers' compensation benefits to an employee precludes the recovery of uninsured motorist benefits from an employer [11] when an unidentified third-party injures the employee. Appellee's Brief at 18. Hartford's brief continues, "A *number* of jurisdictions have held that workers' compensation benefits will act as the employee's exclusive remedy." *Id.* (emphasis added). In support of this contention, Hartford cites authority from Connecticut and Pennsylvania, as well as *Larson's Workers' Compensation Law.*

¶ 21 The case most emphasized by Hartford is *CNA Insurance Co. v. Colman,* 222 Conn. 769, 610 A.2d 1257 (1992), with a fact pattern similar to the one in the instant case. Hartford's brief quotes the *Colman* court at length, informing this court that

> [t]he Supreme Court of Connecticut reasoned as follows:
>
>> [T]he employer is insulated from bearing any costs arising out of workplace injuries in excess of those provided by workers' compensation.... Claims paid by an employer's insurer will presumably be reflected in the insurance premium that the employer must pay. It follows therefore that [the insurer], as the alter ego of its insured, the employer, must have the right to refuse to pay benefits to an employee injured during the course of employment above and beyond the legal liability of the employer.

Appellee's Brief at 18 (citing *Colman,* 610 A.2d at 1260). Hartford then continues that "*Colman,* which *later was superseded by a more detailed statute* passed by its legislature, cites supportive authority." *Id.* at 19 (emphasis added). We will discuss the "supportive authority" from Pennsylvania and *Larson's Workers' Compensation Law* below, but note here that Hartford's statement clearly implies that the Connecticut Legislature endorsed the reasoning of the Connecticut Supreme Court and codified it in statute. That is not in fact what happened. In 1993, responding to the *Colman* decision, the Connecticut Legislature passed legislation providing that "[n]otwithstanding subsection (a) of section 31–284,[12] an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage." Conn. Gen.Stat. § 38a–336(f) (1999); *see Reliance Ins. Co. v. American Cas. Ins. Co.,* 238 Conn. 285, 679 A.2d 925, 927 (1996) (upholding the 1993 statute, and finding that the statutory change was "clarifying legislation" that should apply retroactively to an accident that occurred prior to 1993); *see also Great Am. Ins. Cos. v. Hartford Accident & Indem. Co.,* 1999 WL 195950, *1, 1999 Conn.Super. LEXIS 823, *2 (citing to *Reliance* in holding that an injured employee was not precluded by receipt of workers' compensation benefits from collecting under the employer's uninsured motorist coverage, and where Hartford, appellee here, was the losing defendant in that case). In other words, Hartford relied on a case subsequently overruled and rejected by the Connecticut legislature and used language suggesting to this court that *Colman* represents controlling law in Connecticut. As noted, this is not the case.

¶ 22 Unfortunately, there are other inaccurate assertions in Hartford's brief. Contrary to Hartford's assertion that

---

10. The trial court should also bear in mind the requirement of rule 3.3(a)(3) of the Utah Rules of Professional Conduct, which states, "A lawyer shall not knowingly[ ] ... [f]ail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Nevertheless, even if the trial court determines that Hartford did not "knowingly" fail to disclose adverse controlling authority, it is not required to make a subjective finding of bad faith under the legal standard laid out above in order to award attorney fees.

11. More precisely, Hartford's brief should have stated that the benefits were claimed from the employer's *insurer,* Hartford.

12. Conn. Gen.Stat. § 31–284 (1999) refers to the basic workers' compensation statute.

Pennsylvania law supports its position, Pennsylvania long ago decided, in the case of a volunteer firefighter injured in the course of his duty by an uninsured motorist, that the offset provision in the insurer's contract was void and unenforceable. *See Selected Risks Ins. Co. v. Thompson,* 520 Pa. 130, 552 A.2d 1382, 1388 (1989).[13] The court in *Thompson* noted, "The issue is simply whether the contractual provision in question is void as being contrary to public policy. This issue has been addressed in a number of jurisdictions, and the overwhelming majority of these jurisdictions have held that such a policy provision is invalid." *Id.* Among the twelve jurisdictions cited immediately thereafter by the court is the Utah case of *Thamert.* The Pennsylvania cases cited in Hartford's brief are clearly distinguishable from the general Pennsylvania rule, which is never identified in Hartford's brief, and therefore do not support Hartford's position in the instant case. For example, Hartford relies on *Hackenberg v. Southeastern Pennsylvania Transportation Authority,* 526 Pa. 358, 586 A.2d 879, 885 (1991), which does not allow recovery of both workers' compensation and uninsured motorist benefits in cases where the employer providing the coverage is self-insured. However, the general rule in Pennsylvania is that "the injured employee is permitted to recover both workers' compensation and uninsured motorist benefits." *Gardner v. Erie Ins. Co.,* 555 Pa. 59, 722 A.2d 1041, 1045 (1999). Thus, *Hackenberg* appears to be limited to its facts, and has no bearing on this case because Lieber is not

suing a self-insured employer. Likewise, Hartford's citation of *Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980), is unfounded. *Wagner* held that an injured employee may not recover both workers' compensation and payments from the employer's no-fault insurer constituting the difference between the workers' compensation benefits and the employee's "work loss benefits." *See* 422 A.2d at 1063, 1066. Again, while this holding restricts the right to a double recovery from the employer in certain situations, it is inapplicable to Lieber's suit against Hartford.[14]

¶ 23 The court finds that Hartford's reliance on *Larson's Workers' Compensation Law* is misplaced. Larson clearly contemplates that workers' compensation recovery will not preclude the recovery of uninsured motorist benefits. As Professor Larson states unequivocally, "[T]here can be no conceivable policy objection to allowing an injured person to retain two recoveries that, when combined, still do not make him whole," in reference to the recovery of workers' compensation and uninsured motorist coverage. 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 110.05[8], at 110–23 (2000). Only in situations where the third-party is immune from suit should the workers' compensation act's exclusive remedy provision come into play to bar the payment of uninsured motorist benefits. *See id.* § 110.05[10], at 110–27. As this opinion makes clear, neither Utah, nor the vast majority of other jurisdictions, have held

---

13. In reviewing the Pennsylvania cases, we note that the Massachusetts case cited by Hartford, *Berger v. H.P. Hood Inc.,* 416 Mass. 652, 624 N.E.2d 947 (1993), itself cites to *Thompson* in discussing the role of the legislature in the workers' compensation area. *Berger* states that prior to *Thompson,* "the Pennsylvania Supreme Court concluded that an employee could not recover uninsured motorist benefits from his employer because workers' compensation was his exclusive remedy. The Pennsylvania legislature responded by amending its Uninsured Motorist Act to allow employees to recover from their employers." *Id.* at 949 n. 9. The *Berger* court then cites to *Thompson,* which is nowhere mentioned in Hartford's brief.

14. In its brief, Hartford also argued that a case relied on by Lieber, *Southeast Furniture Co. v. Barrett,* 24 Utah 2d 24, 465 P.2d 346 (1970),

"should not [be] give[n] any weight" because "no Utah case has cited it for nearly three decades." However, in a letter to this court dated August 17, 1999, Hartford concedes that this statement was "incorrect" and that "*Southeast* has indeed been cited in at least two Utah cases"——one of which is *Thamert.* Hartford's counsel states that the reason for this error was that it "misunderstood the ... computerized history of the case from Westlaw to mean that the case had not been cited by any other courts, when it actually only provided the history of the case."

We reject Hartford's argument that simply because a case has not been cited recently, it has no precedential value. It does not matter when a case was decided; as long as it has not been overruled, it is still the law and binding precedent, and constitutes the standard against which any argument for change must be evaluated.

a third-party tortfeasor to be immune from suit in this not unusual circumstance.

## CONCLUSION

¶ 24 We reverse the trial court's grant of summary judgment to Hartford, and remand the case for further proceedings consistent with this opinion, including the attorney fees issue. Should Lieber establish his claim for uninsured motorist benefits, we direct the trial court to *Thamert*, 621 P.2d at 704, which clearly holds that an uninsured motorist insurance carrier "should not be permitted to offset payments received by the [claimant] as workers' compensation," as well as the analysis contained in this opinion.

¶ 25 Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM's opinion.

¶ 26 Chief Justice HOWE does not participate herein.