Harry Berke, Berke, Berke & Berke, Chattanooga, for plaintiff-appellant.

Michael R. Campbell, Campbell & Campbell, Chattanooga, for defendant-appellee.

Andrell DWIGHT, Plaintiff-Appellant,

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 28, 1985.

Permission to Appeal Denied by Supreme Court Dec. 30, 1985.

OPINION

FRANKS, Judge.

The trial court held the uninsured motorist insurer was entitled to set off the amount of workers' compensation benefits available to plaintiff against the judgment plaintiff obtained from the uninsured motorist. Plaintiff has appealed.

The trial court, in a succinct statement of facts, said:

There is no dispute of any material facts necessary to resolve the issue involved. The plaintiff, Andrell Dwight, acting within the scope of her employment with Memorial Hospital, was injured in a minor automobile accident on July 1, 1983. The plaintiff, at the time of the accident, was a passenger in an automobile owned and driven by a co-worker who was involved in a collision with an uninsured vehicle driven by Melissa Miller. The plaintiff filed suit on November 10, 1983 against Melissa Miller and Tennessee Farmers Mutual Insurance Company. The answer in question was filed on December 13, 1983. The case proceeded to trial before a jury on November 11, 1984 resulting in a verdict for the plaintiff for $2,500.00, which included $2,218.74 for medical expenses incurred by the plaintiff. Tennessee Farmers Mutual Insurance Company contends that they are only liable for $281.26, the difference between the jury verdict and the medical expenses.

The plaintiff, prior to the running of the statute, was aware of her right to proceed under the workers compensation coverage of Memorial Hospital and voluntarily refused to assert a claim against her employer. The workers compensation offset provision [1] of this policy is a valid defense and the Court is compelled to limit Tennessee Farmers Mutual Insurance Company's liability to $281.26. *Terry v. Aetna Casualty & Surety Co.,* 510 S.W.2d 509 (Tenn.1974). *Hutchison v. Tennessee Farmers Mut. Ins. Co.,* 652 S.W.2d 904, 906 (Tenn.App.1983).

Plaintiff's brief attacks the validity of the workers' compensation provision. The issues raised by these arguments were foreclosed by the Supreme Court in *Terry,* [2] where the court said:

> [P]rovisions in such policies, approved by the Commissioner of Insurance, operating to reduce such coverage [uninsured motorist coverage] where other coverage or benefits are available to the insured arising from accident causing the loss, are valid if such provisions do not operate to deny payments to an insured of less than the statutory minimum. 510 S.W.2d, at 513–4.

Finally, plaintiff argues she made no claim for compensation, did not collect any benefits and her right to recover workers' compensation had long expired by the time she obtained her judgment.

The trial court determined that the plaintiff waived her right to collect workers' compensation benefits from her employer. The setoff provisions entitle the insurance company to set off workers' compensation benefits actually paid and those that are payable. "Payable" is defined as "that must or may be paid". [3] The plain-

tiff's unilateral waiver of benefits may not operate to increase the contractual obligations of the insurer. The policy provision operates to reduce the coverage where the "benefits are available". *Terry, supra.* The record establishes the benefits were available to the plaintiff and, for whatever reason, she elected not to take them.

The judgment of the trial court is affirmed and the cause is remanded at appellant's cost.

PARROTT, P.J., and SANDERS, J., concur.

---

1. The policy provides:
   Damages payable under this coverage to or for a covered person will be reduced by:

   .    .    .    .    .

   The amount paid or payable under any workers' compensation law, . . .

2. The overwhelming weight of authority in other jurisdictions construing their uninsured motorist statutes is that workers' compensation set-

off provisions are void and unenforceable as against public policy. *Merchants Mut. Ins. v. Orthopedic Professional,* 124 N.H. 648, 480 A.2d 840 (1984); *Walkowitz v. Royal Globe Ins. Co.,* 149 N.J.Super. 442, 374 A.2d 40 (1977). For a good discussion of the various theories, *see Chambers v. Walker,* 653 P.2d 931 (Okla.1982).

3. *Oxford American Dictionary* (Avon), at p. 656.