Larry S. SOREN, deceased, by Carol SOREN, as wife and executrix, et al.,

v.

Chad L. EZELLE and Lee A. Lewis.

No. 3-88-0892.

United States District Court, M.D. Tennessee, Nashville Division.

April 9, 1990.

J.D. Lee, Richard L. Duncan, Law Office of J.D. Lee, Knoxville, Tenn., Stanley Cohen, Cohen & Weinstein, Hartford, Conn., for plaintiffs.

Michael E. Evans, Nashville, Tenn., for defendants.

## MEMORANDUM

HIGGINS, District Judge.

On February 5, 1990, Crum and Forster, which was brought into this action as the uninsured/underinsured motorist carrier [1]

---

1. The Tennessee uninsured motorist law does not authorize insureds to bring action directly against the insurer. Rather, the action has to be brought against the uninsured motorist. *Glover v. Tennessee Farmers Mutual Ins. Co.*, 225 Tenn. 306, 468 S.W.2d 727 (1971). Tenn.Code Ann. § 56-7-1206(a) (1984) states that

Any insured intending to rely on the coverage required by this part shall ... serve a copy of the process upon the insurance company issu-

for Larry S. Soren, deceased, filed a motion for partial summary judgment (Docket Entry No. 28), seeking a declaration that its maximum liability in this action is limited to $13,000.

Crum and Forster's uninsured/underinsured motorist policy provides a limit of $100,000 for bodily injury to one person. The policy states that any amounts otherwise payable under this coverage shall be reduced by all sums paid or payable under the workers' compensation law. This is a valid provision under Tennessee law so long as the uninsured/underinsured motorist coverage is provided in an amount guaranteeing a recovery at least equal to the minimum liability limits required by Tennessee law. Tenn.Code Ann. § 56–7–1205 (1974); *Terry v. Aetna Casualty & Surety Co.*, 510 S.W.2d 509 (Tenn. 1974); *Hutchison v. Tennessee Farmers Mutual Insurance Co.*, 652 S.W.2d 904 (Tenn.Ct.App.), *appeal denied* (Tenn.1983). When Mr. Soren was injured in November 1987, the minimum liability limit for bodily injury to one person was $20,000. Today, the minimum limit is $25,000. Tenn.Code Ann. § 55–12–102(12)(C)(ii) (1986). Based on the policy amount of $100,000, a recovery in excess of the minimum amount required is guaranteed.

Mr. Soren's death in the accident entitled his wife to collect workers' compensation benefits. The total of such benefits which are paid or payable is $87,000. Therefore, Crum and Forster is asking for a setoff of the workers' compensation benefits from the policy limit of $100,000, making its maximum liability $13,000.

On March 1, 1990, the plaintiff responded to the motion for summary judgment (Docket Entry No. 32). The plaintiff admits the policy provision allows for a setoff, but she insists that for the setoff to be meaningful, it must be computed to the present day value of the workers' compensation benefits payable at the time of Mr. Soren's death (November 4, 1987). However, the plaintiff cites no authority for this proposition. The response further states that Mrs. Soren is collecting the workers'

compensation benefits on a biweekly basis and anticipates that these will continue until the expiration of those benefits. In the plaintiff's answer to request for admissions filed on February 5, 1990, she states that the maximum benefits available under workers' compensation are $210 per week payable over a period of 400 weeks, plus a $3,000 funeral benefit.

Neither the Tennessee Code Annotated nor Tennessee case law references present day value in connection with the setoff provisions. The Code specifically states that the setoff provision is designed to avoid duplication of insurance and other benefits. Tenn.Code Ann. § 56–7–1205. In *Dwight v. Tennessee Farmers Mutual Insurance Co.*, 701 S.W.2d 621 (Tenn.Ct. App.), *appeal denied* (Tenn.1985), the Court held that the uninsured motorist carrier was entitled to set off the amount of workers' compensation benefits available to the plaintiff, even though the plaintiff waived the benefits. The Court stated that the setoff provision relates to benefits actually paid and those that are payable. *Id.* at 622. It defined payable as "that must or may be paid." *Id.*

Since there is no indication that a lump-sum payment will replace the periodic payments Mrs. Soren is presently receiving, a present day value computation is inapplicable in this situation. By converting the workers' compensation benefits to their present day value while Mrs. Soren is receiving the benefits over time would lead to duplication of the benefits, which is exactly what the setoff provision is designed to avoid.

Therefore, the Court finds that Crum and Forster is entitled to reduce the $100,-000 policy limit by the workers' compensation benefits paid or payable, which total $87,000.

Accordingly, Crum and Forster's liability is limited to $13,000 under the policy.

An appropriate order will be entered.

ing the policy ... as though such insurance company were a party defendant.