IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM KENNETH SIMS and wife,
EDNA W. SIMS,

       Plaintiffs-Appellees,

       Gibson Circuit No. 7177

Vs.             C.A. No. 02A01-9706-CV-00123

EDDIE STEWART, JR., and
TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,

       Defendants-Appellants.
_____

FROM THE GIBSON COUNTY CIRCUIT COURT
THE HONORABLE DICK JERMAN, JR., JUDGE

Wesley A. Clayton and Robert B. Vandiver, Jr.;
Waldrop & Hall, P.A., of Jackson
For Appellant, Tennessee Farmers Mutual Insurance Company

T. J. Emison, Jr., of Alamo
For Appellees

*VACATED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**ROBERT A. LANIER, SPECIAL JUDGE**

     This case involves a dispute concerning the amount due under an uninsured/underinsured

motorist insurance policy. On September 27, 1993, William Kenneth Sims (hereinafter, "Sims"),

while engaged in the scope of his employment as a Deputy Sheriff in Gibson County, was

injured when he was struck by a motor vehicle driven by Defendant Eddie Stewart (hereinafter, "Stewart"). Sims suffered compound fractures of the left tibia and fibula as well as resulting complications to his preexisting diabetic condition.

Sims' complaint seeks $250,000 damages, and his wife, Edna W. Sims, seeks $50,000 damages for loss of consortium. Sims served Tennessee Farmers Mutual Insurance Company (hereinafter, "Tennessee Farmers"), his uninsured motorist carrier, with a copy of the complaint. Tennessee Farmers' answer avers policy limits of $100,000 per person and $300,000 per accident and pursuant to the policy provision seeks a credit or reduction for the amount of any workers' compensation benefits paid to Sims. Defendant Eddie Stewart filed an answer denying the material allegations of the complaint.

The case was tried on a written stipulation of facts which we quote:

> The parties to this cause, by and through their counsel of record, hereby stipulate as follows:
>
> 1. All issues relating to Plaintiff Edna W. Sims' loss of cosortium claim have been resolved. Edna W. Sims has settled her loss of consortium claim against Eddie Stewart, Jr. for $6,000.00, payable by his liability insurer. The Sims' UM coverage with TFMIC includes loss of consortium in the per person limits for William Kenneth Sims' bodily injury claim and Edna W. Sims can make no separate recovery for her loss of consortium from TFMIC's UM coverage. See Exhibit 1, page 28.
>
> 2. Defendant Eddie Stewart, Jr.'s auto liability coverage has limits of $25,000.00 per person, $50,000.00 per accident. A copy of the dclaration sheet of his policy is attached as Exhibit 2.
>
> 3. William Kenneth Sims has settled his bodily injury claim against Eddie Stewart, Jr., for the $25,000.00 limits of his liability coverage.
>
> 4. William Kenneth Sims and Edna W. Sims had in full force and effect at the time of the accident, an automobile insurance policy with Tennesee Farmers Mutual Insurance Company which provided uninsured/underinsured motorist coverage in the amount of $100,000.00 per person. A certified copy of the Sims' policy is attached Exhibit 1.
>
> 5. The injuries sustained in the accident by William Kenneth Sims were incurred by accident and arose out of and in the course of his employment and were compensable under the Tennessee Workers' Compensation Act.
>
> 6. William Kenneth Sims' employer's workers' compensation insurer has paid temporary total disability, medical and permanent partial disability benefits totalling $61,862.57.
>
> 7. The workers' compensation carrier, cannot as a matter of law,

2

reach any recovery made by William Kenneth Sims from his UM coverage.

8. The workers' compensation carrier has agreed to accept the $25,000.00 payable to William Kenneth Sims from Eddie Stewart, Jr.'s liability insurer, less a one-third attorney's fee, $8,333.00 to Jim Emison, in full satisfaction of its subrogation claim.

9. TFMIC's policy of insurance with the Sims contains a provision on page 29, Exhibit 1, reducing the amount of coverage under three circumstances. The policy language is quoted below:

> "Damages payable under this coverage to or for a covered person shall be reduced by:
>
> 1. The amount paid under the liability and medical payments coverages of this policy or any other automobile insurance policy;
>
> 2. The amount paid or payable under any workers' compensation law, disability benefits law, or any similar law;
>
> 3. A payment made by or on behalf of the owner or operator of the uninsured motor vehicle, or by or on behalf of the person or entity who may be legally liable.

10. TFMIC has agreed to pay to William Kenneth Sims the limits of its UM coverage, $100,000.00, less the amount to which it is legally entitled to credit pursuant to its policy language and Tennessee law.

11. The only issue remaining in this case is whether TFMIC gets credit for the entire amount paid by workers' compensation, $61,862.57, and must pay William Kenneth Sims $38,137.43; or whether TFMIC gets credit for the $61,862.57 less the $25,000.00 recovered from Stewart, a net of $36,862.57, and must pay William Kenneth Sims $63,137.43.

This stipulation entered this 8th day of March, 1997.

The trial court concluded that Tennessee Farmers was entitled to a credit of $61,862.57 less $25,000 for a total credit of $36,862.57, and that Tennessee Farmers was obligated to pay Sims $63,137.43, which is the $100,000 coverage limit less the $36,862.57 credit. Tennessee Farmers timely filed a notice of appeal on May 12, 1997. Thereafter, Tennessee Farmers paid, and Sims accepted, the sum of $38,137.43 in partial satisfaction of the judgment. Tennessee Farmers arrived at that amount by deducting from the $100,000 policy coverage limits the $61,862.57 paid by the workers' compensation carrier, in order to obtain the full credit to which Tennessee Farmers contends that it is entitled.

3

The sole issue for review is whether Tennessee Farmers is entitled to a credit for the total sum paid to Sims as workers' compensation benefits. This issue is a question of law because the facts are not in dispute. Under such circumstances, the Court's scope of review is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. T.R.A.P. 13 (d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Tennessee Farmers' Uninsured Motorist policy, which is at issue in this case, contains the following, relevant language:

> Our *limit of liability* for this Uninsured Motorist Coverage shall be reduced by the sum of the limits payable under all liability and/or primary uninsured motorist insurance policies, bonds, and securities applicable to the bodily injury or death of the covered person.
>
> *Damages payable* under this coverage to or for a covered person shall be reduced by:
> 1. the amount paid under the Liability and Medical Payments Coverages of this policy or any other automobile insurance policy;
> 2. the amount paid or payable under any workers' compensation law, disability benefits law or any similar law;
> 3. a payment made by or on behalf of the owner or operator of the uninsured motor vehicle, or by or on behalf of the person or entity who may be legally liable.
> (emphasis added).

The first paragraph addresses coverage limitations, providing for a reduction in uninsured motorist coverage if other liability or uninsured motorist policies are available to the insured. There are none in this case.

Under the terms of the policy, workers compensation benefits reduce only the amount of damages payable to the insured. Clauses in insurance contracts which limit the amount of damages payable are valid. *Hudson v. Hudson Mun. Contractors, Inc.*, 898 S.W.2d 187, 189 (Tenn. 1995); *Terry v. Aetna Casualty Ins. Co.*, 510 S.W.2d 509 (Tenn. 1974).

There is a distinction between provisions regarding reduction of coverage amounts and those addressing reduction of damages, both of which may be contained in an insurance policy. This distinction is illustrated in *Dwight v. Tennessee Farmers Mutual Insurance Co.*, 701 S.W.2d 621 (Tenn. App. 1985). In that case, Ms. Dwight was injured, during the course of her employment, in an automobile accident with an uninsured motorist; however, she did not seek damages under workers' compensation. Rather, Dwight sued the other motorist who was the tortfeasor and obtained a $2,500 judgment, which included $2,218.74 in medical expenses.

4

Dwight then sued Tennessee Farmers, her uninsured motorist carrier, to recover the entire judgment. Tennessee Farmers relied upon damage limiting language in its policy which is identical to that found in the instant case. Tennessee Farmers asserted that it was liable only for the $281.26 difference between the $2,500 jury verdict and the $2,218.74 in medical expenses which could have been paid under workers' compensation had Dwight pursued that remedy. The trial court held in favor of Tennessee Farmers.

On appeal, Dwight attacked the validity of the insurance policy's workers' compensation offset provision because she had made no claim for workers' compensation. This Court affirmed the trial court, finding that the policy operated to reduce the damages where workers' compensation benefits were available. Dwight was entitled to workers' compensation benefits, though she elected not to take them. The Court held that the insured's unilateral waiver of benefits may not operate to increase the contractual obligations of the insurer. *Id.* at 622.

The policy provision at issue in the case before us is identical to the provision addressed in the *Dwight* case. The policy language specifically provides that reduction for workers' compensation benefits applies to damages and in no way affects the coverage available.

Sims' *damages* should be reduced by the amount of workers' compensation benefits paid, and a judgment should then be rendered against Tennessee Farmers for the balance, up to the coverage limits of $100,000.

In this case, the workers' compensation carrier paid Sims a total of $61,862.57, and the carrier accepted the $25,000 settlement from Stewart pursuant to its subrogation rights provided for in T.C.A. § 50-6-112 (1991). The trial court ordered Tennessee Farmers to pay Sims a judgment of $63,137.43. The trial court arrived at that amount by determining that Tennessee Farmers was entitled to a credit for the workers' compensation benefits paid, $61,862.57, less the $25,000 settlement from Stewart's liability carrier for a total of $36,862.57. The trial court then deducted the $36,862.57 from the $100,000 coverage limits of the Tennessee Farmers policy to reach the $63,137.43 award. On appeal, Tennessee Farmers contends that to require it to pay the additional $25,000 amounts to double recovery on the part of Sims. Tennessee Farmers asserts that it should be entitled to offset the amount it must pay by the full $61,862.57 in workers' compensation benefits that Sims received.

Under the terms of the Tennessee Farmers policy, damages are to be reduced by workers'

5

compensation benefits and also by the amount paid under other liability policies. The workers' compensation carrier has accepted in payment of its subrogation claim the amount paid by Stewart's $25,000 settlement. Tennessee Farmers does not seek a double offset. Such would be prohibited under this Court's holding in *Boyce v. Geary*, No. 01A01-9409-CV-00410, 1995 WL 245389 (Tenn. App. April 28, 1995), affirmed upon remand, 1996 WL 12652 (Tenn. App. Jan. 12, 1996)(insured should not suffer a double reduction in his benefits as the result of a single payment made by the tortfeasor's insurance company). That is, Tennessee Farmers does not seek an offset of $61,862.57 in workers' compensation benefits plus an additional $25,000 for a total reduction of over $86,000. Instead, Tennessee Farmers seeks an offset of $61,862.57, the amount of workers' compensation benefits.

The problem is that the issue framed by the parties in the trial court does not consider the policy provision that provides that workers' compensation benefits will reduce the damages payable under the coverage. The issue presented to the trial court was whether Tennessee Farmers "gets credit for the entire amount paid by workers' compensation." To answer this question, we need only look to the holding of our Supreme Court in *Terry v. Aetna Casualty & Surety Co.*, 510 S.W.2d 509 (Tenn. 1974) and the decision of the Court of Appeals in *Dwight v. Tennessee Farmers Mutual Insurance Co.*, 701 S.W.2d 621 (Tenn. App. 1985). These cases make it quite clear that workers' compensation benefits reduce the amount of recovery. The problem in the instant case, however, is that the parties tried this case in the trial court without considering the fact that there must be an assessment of damages in order to determine a reduction in damages. The stipulation covers just about everything but damages, although, under the terms of the policy, a determination as to the amount of damages is crucial. This appears to be a case for the application of the provisions of T.C.A. § 27-3-128 (1980) which provides:

> **Remand for correction of record**. - The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

Pursuant to the above statute, we vacate the judgment of the trial court and remand this case for further proceedings to determine the amount of damages to which Sims is entitled, reduce the damages pursuant to the provisions of the Tennessee Farmers policy, and enter

6

judgment against Tennessee Farmers for the resulting amount not to exceed policy limits of $100,000.00.

Costs of the appeal are assessed one-half to Sims and one-half to Tennessee Farmers.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**ROBERT A. LANIER, SPECIAL JUDGE**