# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. FREDERICK M. MAYS

**A Direct Appeal from the Criminal Court for Shelby County**
**No. JV-00052     The Honorable John P. Colton, Jr., Judge**

---

### No. W1999-01499-COA-R3-CO  - Decided May 26, 2000

---

This is a juvenile delinquency case.  On September 16, 1999, approximately seven months before the juvenile's eighteenth birthday, a juvenile court judge confirmed the referee's delinquency adjudication and commitment for an indefinite time to the custody of Tennessee Department of Children's Services.  The juvenile appealed for a *de novo* trial in criminal court, which was held January 13, 1999, when the juvenile was about three and one-half months before reaching his eighteenth birthday.  The criminal court judge found that he had committed a delinquent act and ordered that he remain in custody until he was nineteen years of age.  The juvenile has appealed and contends that the criminal court had no authority to sentence him to a determinate term, because the sentencing date should be that of the juvenile court sentencing order.

**Tenn.R.App.P. 3, Appeal as of Right; Judgment of the Criminal Court is Affirmed**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

Walker Gwinn, Memphis, For Appellant

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, For Appellee

### OPINION

Defendant, Frederick M. Mays, a minor born on April 25, 1981, appeals the decision of the criminal court that adjudicated him delinquent and committed him to the Tennessee Department of Children's Services (hereinafter TDOCS), until his nineteenth birthday.

On August 27, 1998, the juvenile court referee found that Mays committed a delinquent act and recommended his commitment to the TDOCS for an indefinite time.  The juvenile court

reconfirmed the referee's ruling on September 16, 1998. Mays appealed[1], and on January 13, 1999, the criminal court declared Mays a delinquent and committed him to the custody of the TDOCS until his nineteenth birthday.

On February 3, 1999, Mays filed a motion for a new trial or alternatively to amend the judgment. The criminal court denied the motion for a new trial, and Mays timely appealed to this court pursuant to T.C.A. § 37-1-159(c).

The sole issue for our review is whether the trial court properly ordered Frederick Mays to serve a determinate sentence with the Tennessee Department of Children's Services. The facts are not in dispute, and we have before us only an issue of law. When the question on appeal is one of law, our scope of review is *de novo* with no presumption of correctness accompanying the trial court's conclusions of law. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993); *Sims v. Stewart*, 973 S.W.2d 597 (Tenn. Ct. App. 1998).

Commitment of delinquent children to TDOCS is provided for in T.C.A. § 37-1-137 (1996) which provides in pertinent part:

> T.C.A. § 37-1-137. **Commitment of delinquent children to the department of children's services.**
>
> (a)(1)(A) An order of the juvenile court committing a delinquent child to the custody of the department of children's services shall be for an indefinite time.
>
> (B) If a juvenile offender is tried and adjudicated delinquent in juvenile court for the offense of first degree murder, second degree murder, aggravated rape, aggravated sexual battery, aggravated robbery, especially aggravated robbery, aggravated arson, attempt to commit first degree murder, or violations of § 39-17-417(b), (i) or (j),

---

[1]Mays erroneously appealed to the Shelby County Circuit Court. The case was transferred to the criminal court as required by T.C.A. § 37-1-159.

or has been previously adjudicated delinquent in three (3) felony offenses arising out of separate criminal episodes at least one (1) of which has resulted in institutional commitment to the department of children's services, **or is within six (6) months of the child's eighteenth birthday at the time of the adjudication of the child's delinquency, the commitment may be for a determinate period of time** but in no event shall the length of the commitment be greater than the sentence for the adult convicted of the same crime, nor shall such commitment extend past the offender's nineteenth birthday.

T.C.A. § 37-1-137(a)(1)(A) and (B) (1996) (emphasis added).

The proof reflects, and the parties agree, that the only circumstance in the statute applicable here is that dealing with the child's eighteenth birthday. The parties agree that if a juvenile is adjudicated delinquent within six months of his eighteenth birthday a determinate sentence is appropriate. However, Mays argues that he was adjudicated delinquent by the juvenile court on August 27, 1998, which was more than six months prior to his eighteenth birthday. Therefore, Mays contends that the criminal court erred in sentencing him to a determinative sentence, i.e. until his nineteenth birthday. The State argues that because the criminal court reviewed the juvenile court's decision *de novo*, the criminal court's decision is the adjudication date. Since the criminal court's decision occurred on January 13, 1999, within six months of Mays' eighteenth birthday, the State claims that the determinative sentence was correct.

The state is correct in arguing that the criminal court reviews the juvenile court's decision *de novo*. T.C.A. § 37-1-159 (1999 Supp.) provides in pertinent part:

> T.C.A. § 37-1-159. **Appeals** – (a) The juvenile court shall be a court of record; and any appeal from any final order or judgment in a delinquency proceeding, filed under this chapter, . . . may be made to the criminal court or court having criminal jurisdiction which shall hear the testimony of witnesses and try the case *de novo*;. . . .

T.C.A. § 37-1-159 (a) (199 Supp.).

In a trial *de novo*, the matter is tried anew as if no other trial had occurred. ***Hohenberg Bros. Co. v. Missouri Pac. R. Co.***, 586 S.W.2d 117 (Tenn. Ct. App. 1979). In ***Ware v. Meharry Medical College***, 898 S.W.2d 181 (Tenn. 1995), the Court held that appeals from general sessions court to circuit court for *de novo* review should be treated for all purposes as if they originated in the circuit court.

In ***Roberts v. State***, 212 Tenn. 25, 367 S.W.2d 480 (1963), the Tennessee Supreme Court dealt with an appeal from general sessions court for a trial *de novo* in the criminal court which is analogous to the issue in the case before us. Defendant was convicted of assault and battery in the Madison County General Sessions Court and fined $15.00. Defendant appealed to the criminal court where a jury again found defendant guilty and imposed a $250.00 fine. Defendant appealed to the Tennessee Supreme court arguing that the criminal court could not levy a fine against him greater than that imposed by the general sessions court. ***Id.*** The Supreme Court allowed the $250.00 fine to stand and held that when a defendant perfects his appeal, the general sessions judgment is abrogated and the case stood for trial in the criminal court *de novo*. ***Id.*** We see no difference in the effect of an appeal from general sessions court for a trial *de novo* and the effect of an appeal from juvenile court for a trial *de novo*.

Based on the foregoing, the determinate sentence imposed against Mays should stand. Mays was within four months of his eighteenth birthday when the criminal court adjudicated him delinquent and, therefore, the court could impose a determinant commitment to the TDOCS. Accordingly, the judgment of the trial court is affirmed and costs of appeal are assessed against appellant.