IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 18, 2003 Session

IN THE MATTER OF: D.A.H., DOB: 12/11/00, A Child Under 18 Years of Age

A Direct Appeal from the Juvenile Court for Shelby County
No. M7027     The Honorable Harold Horne, Judge

No. W2002-00733-COA-R3-JV - Filed March 17, 2003

This is a termination of parental rights case. The father appeals from the order of the juvenile court terminating parental rights to his child. Specifically, the father asserts that the grounds for termination cited by the trial court are no longer applicable based on the Supreme Court's recent holding in *Jones v. Garrett*, 92 S.W.3d 385 (Tenn. 2002). Because we find a distinction between the instant case and *Jones v. Garrett*, we affirm the order of the trial court.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Claiborne H. Ferguson, Memphis, For Appellant, Timothy Cope

Kevin W. Weaver, Cordova, For Appellee, Mid-South Christian Services, Inc.

Paul G. Summers, Attorney General and Reporter, Douglas Earl Dimond, Assistant Attorney General, Intervenor, In Defense of Tenn.Code Ann., Sec. 36-1-113(g)(9)(A)

**OPINION**

This is a termination of parental rights case. Timothy Wayne Cope ("Mr. Cope," "Appellant," or "Father") and Cynthia Ann Honeycutt ("Ms. Honeycutt," or "Mother") began dating in January 2000 and lived together in Memphis, Tennessee until June 2000 when Mr. Cope moved to Pensacola, Florida. At that time, Ms. Honeycutt was pregnant. Mr. Cope was informed of the pregnancy during the first trimester. On December 11, 2000, Ms. Honeycutt gave birth to D.A.H, the child at issue in this case. Although Mr. Cope was not present for the birth, Ms. Honeycutt called him in Florida to inform him of D.A.H.'s birth.

Due to medical reasons, D.A.H. remained in the hospital until December 18, 2000. Mr. Cope did not visit the child in the hospital. On December 19, 2000, Ms. Honeycutt contacted Mid-South Christian Services ("Mid-South," or "Appellee") and discussed the process for surrendering her

parental rights and giving the child up for adoption to Ms. Honeycutt's second cousin and her spouse, Wendell and Julie Lewis, who live in Kentucky. On December 19, 2000, Ms. Honeycutt entered into an interim foster care agreement with Mid-South to provide care for the child until the adoptive couple could obtain interstate compact approval to take D.A.H. to Kentucky. D.A.H. was placed in a foster care home provided by Mid-South. Mr. Cope was not informed about the interim foster care agreement or the child's being placed in the foster home.

On January 3, 2001, Ms. Honeycutt and Mr. Cope telephoned Mid-South to express their desire to parent D.A.H. The phone call was made from Ms. Honeycutt's apartment in Memphis. Mid-South made plans with Ms. Honeycutt and Mr. Cope to meet at Mid-South's office to pick up the child. Neither Mr. Cope nor Ms. Honeycutt came to the Mid-South office, nor did they call to make other arrangements to pick up the child.

On January 10, 2001, Ms. Honeycutt called Mid-South from Florida. During that phone call, Ms. Honeycutt stated that she could not parent the child, that Mr. Cope did not support the adoption plan but that he was taking no steps to prepare to parent the child. At that time, Ms. Honeycutt stated that she would like her parental rights to be terminated.

On February 5, 2001, Ms. Honeycutt came to Mid-South's office and stated that she desired to surrender her parental rights. Mr. Cope was in Memphis with Ms. Honeycutt but did not accompany Ms. Honeycutt to Mid-South. While at Mid-South on February 5, 2002, Ms. Honeycutt signed a voluntary surrender before the Juvenile Court of Memphis/Shelby County, wherein she surrendered her parental rights to Mid-South.

On February 20, 2001, Ms. Honeycutt spoke with Mid-South personnel by phone to obtain an update on the interstate placement of the baby. On March 12, 2001, Ms. Honeycutt visited with D.A.H. at Mid-South. Although Mid-South personnel asked for Mr. Cope's address, Ms. Honeycutt would not give them the information. On March 29, 2001, Ms. Honeycutt again visited with D.A.H. at Mid-South. Also on March 29, 2001, Mr. Cope called Mid-South and asked Ms. Chunn, the director, what he needed to do to gain custody of his child. Although Ms. Chunn discussed the options with Mr. Cope, the Petition for Termination was filed on March 29, 2001. The Petition for Termination alleges, in pertinent part, that:

> 9. Pursuant to T.C.A. § 36-1-113(g)(1), Petitioner asserts that Respondent, Timothy Wayne Cope, has, for a period of four (4) consecutive months immediately preceding the filing of this petition, abandoned the child, in that he has willfully failed to visit the child.[1]

---

[1] Paragraph 9 of the Petition for Termination was subsequently amended to read as follows: "Pursuant to T.C.A. § 36-1-113(g)(1), Petitioner asserts that Respondent, Timothy Wayne Cope, has abandoned the child, as abandonment is defined in T.C.A. § 36-1-102, in that Respondent, for a period of four (4) consecutive months immediately preceding the filing of this petition abandoned the child, in that he has willfully failed to visit the child, and Respondent has either willfully failed to visit or willfully failed to make reasonable payments toward the support of the child's mother during

(continued...)

10. Petitioner further asserts that pursuant to T.C.A. §§ 36-1-113(g)(9)(A)(I), (ii), (iii), (iv) and (vi), Respondent, Timothy Wayne Cope, has failed, without cause or excuse, to pay a reasonable share of prenatal, natal, and postnatal expenses involving the birth of [D.A.H.], in accordance with his financial means, promptly upon his receipt of notice of the child's impending birth. Further, Respondent, Timothy Wayne Cope, has failed, without good cause or excuse, to make reasonable and consistent payments for the support of the child in accordance with the child support guidelines promulgated by the State of Tennessee Department of Children's Services, pursuant to T.C.A. § 36-5-101. Respondent, Timothy Wayne Cope, has also failed to manifest an ability and willingness to assume physical custody or to seek reasonable visitation with the child since the birth of the minor child, [D.A.H.]. Further, Respondent, Timothy Wayne Cope, has failed to file a petition to legitimate the child within thirty (30) days after notice of alleged paternity by the child's mother.

On April 4, 2001, interstate approval was granted to allow the prospective adoptive couple to take the child to their home in Kentucky. On April 10, 2001, Mr. Cope was personally served with a copy of the petition seeking termination of his parental rights.

On May 9, 2001, at the initial hearing in this matter, Mr. Cope and Ms. Honeycutt appeared before the trial court and Mr. Cope requested DNA testing. DNA was collected from Ms. Honeycutt and Mr. Cope on May 11, 2001 and from D.A.H. on August 2, 2001. Test results dated August 14, 2001 were conclusive as to Mr. Cope's paternity.

On July 18, 2001, at the next hearing before the trial court, the court appointed a guardian ad litem for D.A.H. and separate legal counsel for Mr. Cope and Ms. Honeycutt. Mr. Cope filed an Answer to the Petition to Terminate Parental Rights on August 13, 2001, which asserted the following affirmative defenses:

1. Any and all allegations regarding Respondent's failure to support should be stricken and not taken into consideration in this matter as his alleged omissions were not willful and the statute does not create an irrefutable presumption that failure to support a child constitutes abandonment. *In Re Brittany Swanson*, 2 S.W.3d 180 (Tenn. 1999). The Respondent has insurance to pay the Child's medical expenses and there was no court order to require Respondent to make support payments to Petitioner.

---

[1](...continued)
the four (4) months immediately preceding the birth of the child.

2. Any and all allegations regarding respondent's failure to visit with his child for a period of time should not be considered willful because the child is in the custody of the Petitioner, the respondent resides in Florida, and a very short time has transpired in this matter (approximately 3 months). Furthermore, the Mother and Maternal Grandmother falsely reported the condition and location of the Child to the Respondent, thus making reasonable visitation difficult for Respondent.

On August 13, 2001, Mr. Cope also filed a Motion for Dismissal, which was subsequently denied by Order dated September 19, 2001. It is asserted by Mr. Cope that he filed a Petition to legitimate D.A.H., but there is nothing in the record to this effect. The matter proceeded to trial on December 17, 2001. Ms. Honeycutt did not appear to contest the validity of her voluntary surrender or to testify at the hearing. On February 14, 2002, the trial court entered an Order of Default Judgment and Termination of Parental Rights (the "Final Order"). The Final Order reads, in pertinent part, as follows:

FINDINGS OF FACT

*                              *                              *

2. Mr. Cope admits that he is the father of [D.A.H.], and the DNA test results support Mr. Cope's admission.

*                              *                              *

CONCLUSIONS OF LAW

1. This Court has jurisdiction over this proceeding pursuant to TCA-36-1-113(a) and 37-1-104.
2. The Respondent, Timothy Wayne Cope, has failed to seek reasonable visitation with the infant [D.A.H.].
3. The Respondent, Timothy Wayne Cope, has failed to manifest an ability and willingness to assume legal and physical custody of the infant [D.A.H.].
4. The Respondent, Timothy Wayne Cope, has failed to file a petition to legitimate within thirty (30) days after notice of paternity by the child's mother.
5. In accordance with TCA-36-113-(1) and (2), there is clear and convincing evidence to support the termination of Timothy Wayne Cope's parental rights regarding the child, and the termination of Timothy Wayne Cope's parental rights is in the best interest of [D.A.H].

Mr. Cope appeals from the Final Order of the trial court and raises one issue for our review: Whether there is clear and convincing evidence to terminate Mr. Cope's parental rights in light of the Supreme Court's recent holding in *Jones v. Garrett*, 92 S.W.3d 835 (Tenn. 2002).[2]

The application of *Jones v. Garrett* to this case is a question of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

Having reviewed the Supreme Court's opinion in *Jones v. Garrett* and the entire record in this case, we find a dispositive distinction between *Jones v. Garrett* and the case at bar. In *Jones v. Garrett*, the legal relationship between the parent and child was established prior to the termination hearing. In the instant case, there has been no adjudication as to whether Mr. Cope is the legal parent of D.A.H. T.C.A. § 36-1-102(28)(D) (Supp. 2002) defines "Legal parent" as follows:

> A man who has been adjudicated to be the legal father of the child by any court or administrative body of this state or any other state or territory or foreign country or who has signed, pursuant to §§ 24-7-113, 68-3-203(g), 68-3-302 and 68-3-305(b), an unrevoked and sworn acknowledgment of paternity under the provisions of Tennessee law, or who has signed such a sworn acknowledgment pursuant to the law of any other state, territory, or foreign country...

Although the DNA testing indicates that Mr. Cope's paternity is 99.999% certain, this finding alone does not ultimately adjudicate the matter. Rather, DNA testing provides only a rebuttable presumption of parentage. *See* T.C.A. § 36-2-304(a)(5).

As noted in *Jones v. Garrett*, T.C.A. § 36-1-117(b) "shows a clear preference for determining paternity *prior* to considering a petition to terminate a father's parental rights...." *Jones v. Garrett*, 92 S.W.3d 835, 839 (Tenn. 2002). As noted, it is asserted that a petition to legitimate the child was filed but there is no petition in the record nor is there an order establishing paternity in the record. We note that the Final Order issued in this case contains a finding of fact that "Mr. Cope admits that he is the father of [D.A.H.], and the DNA test results support Mr. Cope's admission." However, Mr. Cope's admission of paternity does not meet the requirements of T.C.A.§ 36-1-102(28)(D) (*supra*) in that it is not an "unrevoked, sworn acknowledgment of paternity." And, as noted above, the DNA test results do not qualify as an adjudication of legal paternity. In short, at the time of the termination hearing, and indeed to date, Mr. Cope is not the legal father of D.A.H. pursuant to T.C.A. § 36-1-102(28)(D).

---

[2] The Appellant initially raised two issues in his brief. At oral argument, all issues were waived except the one here stated.

The Supreme Court's holding in ***Jones v. Garrett*** is clear: "Tennessee Code Annotated section 36-1-113(g)(8)(A)(vi)[3] applies only to cases in which no legal relationship between the parent and child has been established." ***Id.*** at 840 (parenthetical omitted). Because we find that no legal relationship between Mr. Cope and D.A.H. has been established, the grounds for termination of parental rights contained in T.C.A. § 36-1-113(g)(9)(A) do apply in this case. The only question remaining is whether the record contains clear and convincing evidence to support the termination of Mr. Cope's parental rights on at least one of the grounds contained in the Final Order and clear and convincing evidence that termination is in the best interest of D.A.H. ***See*** T.C.A. §§ 36-1-113(c)(1) and 36-1-113(c)(2). From the record before us, we find clear and convincing evidence to support all three grounds cited in the trial court's Final Order and clear and convincing evidence to support the trial court's conclusion that termination of Mr. Cope's parental rights is in the best interest of D.A.H.

For the foregoing reasons, we affirm the Order of the trial court, terminating the parental rights of Timothy Wayne Cope. Costs of this appeal are assessed to the Appellant, Timothy Wayne Cope, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

---

[3] At the time of the ***Jones v. Garrett*** hearing, T.C.A. § 36-1-113(g)(8)(A) was the correct citation to the section of the statute referring to notice. However, presently that citation is T.C.A. § 36-1-113(g)(9)(A).