IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2004 Session

## JAMES WOHLFAHRT, ET AL. v. ARLENE SCAVUZZO

**Direct Appeal from the Circuit Court for McNairy County**
**No. 4771     Jon Kerry Blackwood, Judge**

**No. W2002-02641-COA-R3-CV - Filed March 16, 2004**

Plaintiffs' insurer appeals award of benefits to Plaintiffs under Plaintiffs' uninsured/underinsured motorist policy. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

John Thomas Feeney, Nashville, Tennessee, for the appellant, CGU Insurance Company.

Donald Capparella and Carson W. (Bill) Beck, Nashville, Tennessee, for the appellees, James Wohlfarht and Joni Wohlfahrt.

**OPINION**

This is a dispute between Plaintiffs James Wohlfahrt and Joni Wohlfahrt ("Wohlfahrts") and their uninsured/underinsured motorist insurance carrier, CGU Insurance Company ("CGU").[1] In January 2000, Wohlfahrts filed a complaint against Arlene Scavuzzo (Ms. Scavuzzo), seeking damages arising from an automobile accident which occurred in January 1999. They also served process on their insurance carrier, CGU, pursuant to Tennessee Code Annotated § 56-7-1206(a). Ms. Scavuzzo admitted fault prior to trial, and the issue of damages was tried by a jury on March 5, 2002. The jury awarded Wohlfahrts damages of $195,495.37.

After failed attempts at mediation between Wohlfahrts and CGU, in June 2002, Wohlfahrts moved for entry of judgment against CGU. In their motion, they sought to hold CGU liable for the

---

[1]Wohlfahrts insurance carrier was General Accidents Insurance Company at the time this action was commenced. It subsequently was renamed CGU Insurance Company.

amount of the judgment in excess of Ms. Scavuzzo's $50,000 liability policy, plus post- judgment interest of ten percent. In August 2002, the trial court entered judgment for Wohlfahrts in the amount of $145,495.37, plus post-judgment interest of ten percent. CGU filed a timely notice of appeal to this Court.

## ISSUES PRESENTED

CGU raises the following issues for review by this Court:

(1) Whether plaintiffs have proven the existence of uninsured motorist coverage applicable to this accident.

(2) If proven, did the trial court properly apply the offsets for workers' compensation benefits?

Wohlfahrts present three additional issues:

(1) Whether CGU Insurance waived the right to deny coverage because it failed to raise the issue in the trial court.

(2) If this court finds the issue of CGU Insurance's coverage was not waived, whether the filing in court of the Wohlfahrts' uninsured/underinsured policy with CGU along with the underinsured driver's (Ms. Scavuzzo) $50,000 liability policy established CGU's liability for the judgment against Ms. Scavuzzo.

(3) Whether the trial court properly refused to award CGU insurance an offset for workers' compensation benefits, where the only evidence on the question of Mr. Wohlfahrt's eligibility for benefits was his affidavit expressly refuting any such liability.

(4) Whether the Wohlfahrts are entitled to damages for a frivolous appeal, where CGU Insurance failed to file a transcript to support its factual assertions on appeal.

### *Standard of Review*

To the extent these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Sullivan v. Sullivan*, 107 S.W.3d 507, 509 (Tenn. Ct. App. 2002). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id*. at 510. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Id.*

### CGU'S Coverage Under the Policy of Insurance

CGU contends to this Court that Wohlfahrts have not proven the existence of uninsured motorist coverage applicable to this accident, and it argues to this Court that it affords no coverage. Wohlfahrts assert CGU did not raise the issue of coverage in the trial court, and therefore may not raise it for the first time before this Court. A party may not raise an issue for the first time upon appeal. *Cantrell v. Walker Die Casting, Inc.*, 121 S.W.3d 391, 396 (Tenn. Ct. App. 2003). Further, the appellant bears the primary burden to ensure that a proper record is prepared on appeal. *See McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App.1989).

There is nothing in the record before us indicating that CGU denied coverage in the trial court.[2] Moreover, in its brief to the trial court in opposition to Wohlfahrts' motion for entry of judgment, CGU did not deny or address the issue of coverage, but addressed only the amount of its liability. CGU stated in the brief, "[t]he court has denied Defendant Arlene Scavuzzo's post-trial motions, and the case is now before the court for calculation of the amount of the verdict properly payable by CGU under its uninsured motorist coverage."

Upon review of the record, which includes Wohlfahrts' policy of insurance, we find that CGU did not deny coverage under the policy in the trial court. CGU simply addressed the issue of the amount of liability, asserting its liability should be offset by workers' compensation benefits. CGU accordingly has waived the issue of coverage.

### Offset of Liability of Workers' Compensation Benefits

CGU contends that, assuming coverage under the policy of insurance, the trial court erred by not properly applying an offset for workers' compensation benefits. CGU asserts, "the Plaintiff did not pursue workers' compensation benefits from his employer. However, his failure to pursue benefits does not prevent application of the workers' compensation offset for injuries occurring within the course and scope of employment."

Amounts due to an insured under an uninsured/underinsured motorist policy may be offset by workers' compensation benefits. *Terry v. Aetna Casualty & Surety Co.*, 510 S.W.2d 509, 513 (Tenn. 1974). Moreover, such an offset is allowed for workers' compensation benefit amounts for which the insured was eligible but did not pursue. *Dwight v. Tennessee Farmers Mut. Ins. Co.*, 701 S.W.2d 621, 622 (Tenn. Ct. App.1985). However, CGU cites us to no evidence that Mr. Wohlfahrt was entitled to workers' compensation benefits and that he failed to pursue benefits for which he was eligible.

In its brief to this Court, CGU submits, "[t]he issue presented to the court in the instant hearing is a determination as to the extent of workers' compensation benefits properly payable to Mr.

---

[2] CGU refers this Court to its answer, purported to be in the supplemental record. The supplemental record, however, includes only the trial court's order on CGU's cross-claim against Ms. Scavuzzo.

Wohlfahrt as a result of the injuries sustained in the accident." The threshold issue, however, is whether Mr. Wohlfahrt was entitled to any workers' compensation benefits such that CGU's liability would be offset by those benefits.

Assuming, *arguendo*, that the injuries to Mr. Wohlfahrt occurred during the course and scope of his employment, there is no evidence in the record to establish Mr. Wohlfahrt would have been entitled to workers' compensation benefits. The only evidence in the record pertaining to workers' compensation is Mr. Wohlfahrt's uncontradicted affidavit that a) at the time of the accident, he was not acting within the scope of employment; b) as a part owner of Care Safety, LLC, he is excluded from the workers' compensation insurance policy of Care Safety; c) he did not make a workers' compensation claim and was not paid any compensation for injuries sustained in the accident; d) he does not have any compensation due or payable from any source, including workers' compensation or disability for injuries resulting from the accident. We additionally note that the Tennessee Code provides that officers of a corporation may elect to be exempt from operation of the Workers' Compensation Law. Tenn. Code Ann. § 50-6-104 (1999). Thus, the case now before us is distinguishable from the circumstances in *Dwight*, where the insured was entitled to workers' compensation benefits but failed to pursue them. In the present case, the undisputed evidence in the record is that there are no workers' compensation benefits properly payable to Mr. Wohlfahrt. This issue is without merit.

### *Frivolous Appeal*

Wohlfahrts seek an award of damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122. The Code provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122(2000). Courts construe this section of the Code strictly in an effort not to discourage legitimate appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). A frivolous appeal is one "devoid of merit" and which cannot reasonably succeed. *Id.* It is one completely "lacking in justiciable issues." *Id.*

In its appeal to this Court, CGU has failed to raise a meritorious issue based on the record. CGU cites to the supplemental record to assert it denied coverage in its answer in the trial court. CGU's answer, however, is not in the supplemental record before this Court. There simply is nothing in the record to support CGU's contention to this Court that it denied coverage in the trial court. Upon review of the record, we find that CGU argued only that it was entitled to offset the amount of its liability.

-4-

We also find that CGU fails to cite to any evidence which would support its assertion that it is entitled to an offset based on workers' compensation benefits for which Mr. Wohlfahrt is eligible. CGU provides no evidence whatsoever to support the proposition that Mr. Wohlfahrt is entitled to workers' compensation benefits. CGU not only fails to dispute Mr. Wohlfahrt's affidavit that he is not eligible for workers' compensation benefits, but fails even to address or acknowledge the affidavit in its brief or reply brief to this Court.

We disagree, moreover, with CGU's contention in its reply brief to this Court that Wohlfahrts have "attempt[ed] to avoid application of the offsets by suggesting no proof of an offset provision exists . . . ." In their brief to this Court, Wohlfahrts acknowledge the offset provision exists. Moreover, Wohlfahrts state, "[t]here is no question that CGU pled its right to setoff as an affirmative defense." Wohlfahrts correctly note, however, that CGU fails to cite to any evidence in the appellate record in support of its claim for an offset. Additionally, upon review of the record, we have determined that there is no such evidence.

We accordingly award Wohlfahrts damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122. We award damages in the amount equal to expenses and reasonable attorney's fees incurred by this appeal. We remand to the trial court for a determination of such damages.

### *Conclusion*

In light of the foregoing, the judgment of the trial court is affirmed. Additionally, we grant Wohlfahrts' request for damages for a frivolous appeal. We remand for a determination of damages. Cost of this appeal are taxed to the Appellant/Unnamed Party, CGU Insurance Company, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE