IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 21, 2004 Session

# PICKWICK ELECTRIC COOPERATIVE v. ALCORN COUNTY ELECTRIC POWER ASSICATION

**A Direct Appeal from the Chancery Court for McNairy County**
**No. 7939     The Honorable Dewey C. Whitenton, Chancellor**

---

**No. W2003-02699-COA-R3-CV - Filed November 15, 2004**

---

This is an appeal from the trial court's grant of an injunction against Appellant to remove its electrical lines and facilities from McNairy County. The trial court found that Appellant was a "non-consumer owned electric system" and, as such, subject to injunction under T.C.A. §65-34-103. Finding that Appellant is, in fact, an "electric and community service corporation," we hold that Appellant is not subject to injunction under T.C.A. §65-34-103. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James E. Price, Jr. of Corinth; Terry L. Wood of Corinth for Appellant, Alcorn County Electric Power Association
Terry Abernathy of Selmer for Appellee Pickwick Electric Cooperative
J. Richard Lodge, Jr., and Russell S. Baldwin of Nashville for Tennessee Electric Cooperative Association as Amicus Curiae

## OPINION

Alcorn County Electric Power Association ("ACE," "Defendant," or "Appellant") is a member-owned non-profit electric service cooperative organized and doing business under the laws of the State of Mississippi for the purpose of providing electric services to its members in Alcorn County, Mississippi, pursuant to a certificate of authority from the Mississippi Public Service Commission. Pickwick Electric Cooperative ("PEC," "Plaintiff," or "Appellee") is a member-owned non-profit electric cooperative organized and doing business under the laws of the State of Tennessee for the purpose of providing electric service to its members within its exclusive geographic territory, which includes McNairy County, Tennessee. In the fall of 2002, ACE constructed a three-phase,

12,000 volt electric line and related electric distribution facilities (including lighting and secondary facilities for serving ultimate consumers) within PEC's territory in McNairy County.

On April 22, 2003, PEC filed a Complaint in the Chancery Court of McNairy County against ACE seeking a mandatory injunction to compel ACE to remove its power lines and distribution facilities from McNairy County. The sole ground relied upon by PEC in the complaint was that the erection and maintenance of these lines and facilities violated T.C.A. §65-34-103 because ACE was allegedly a "non-consumer owned electric system" within the meaning of that statute. On May 5, 2003, ACE filed its Answer denying that it was a "non-consumer owned electric system." Incorporated into ACE's Answer was a Motion to Dismiss on the grounds that the restrictive provisions of T.C.A. §65-34-103 were not applicable to ACE because ACE was an "electric and community service corporation," as that term is used in the Tennessee statutes.

The matter was heard by the court sitting without a jury on August 25, 2003. On October 24, 2003, the trial court entered its "Final Decree and Judgment" (the "Judgment"), which incorporates the "Trial Opinion" by reference. Specifically, the trial court held that: (1) ACE is a "non-consumer owned electric system" under Tennessee law and, therefore, that ACE has violated T.C.A. §65-34-103 by constructing and maintaining its electrical distribution facilities outside its geographic territory; (2) that ACE's facilities directly encroach upon PEC's exclusive territorial rights as provided by Tennessee law; (3) that ACE's facilities limit or preclude PEC's ability to expand or to safely maintain its system; (4) that ACE's equipment is placed in violation of the National Electric Safety Code ("NESC").

ACE appeals and raises one issue for review as stated in its brief: Whether ACE is a "non-consumer owned electric system" within the meaning of Section 65-34-103, Tennessee Code Annotated. If ACE is not a "non-consumer owned electric system" as that term is defined by Tennessee law, then Section 65-34-103, Tennessee Code Annotated, is not applicable to it; and the trial court erred in overruling its motion to dismiss.

The trial court's interpretation of the statutory scheme at issue in this case is a question of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

T.C.A. §65-34-103 (1993), under which the trial court granted PEC's request for an injunction, reads, in pertinent part, as follows:

> **65-34-103. Non-consumer owned electric system – Expansion limits. –** No non-consumer owned electric system may construct, acquire, or maintain facilities, lines, poles, or other equipment used or useful for the distribution or sale of electricity outside its current geographic territory, nor may any non-consumer owned electric

> system provide, by sale or otherwise, electricity to any parcel of land located outside its current geographic territory.

A "non-consumer owned electric system" is defined at T.C.A.§65-34-102(4) (1993) as follows:

> "Non-consumer owned electric system" means any public electric system other than electric and community service cooperatives and municipal electric systems....

ACE argues that it is an "electric and community service cooperative" and, therefore, not a "non-consumer owned electric system," which is subject to the restrictions of T.C.A. §65-34-103. An "electric and community service cooperative" is defined at T.C.A. §65-25-202(4) (Supp. 2003) as follows:

> "Cooperative" or "cooperatives" means one (1) or more nonprofit cooperative membership corporations heretofore or hereafter organized under or otherwise subject to this part, including corporations transacting business in Tennessee pursuant to §65-25-221 under this part or under its predecessor, the Electric Cooperative Law, hereinafter called "foreign corporations."

T.C.A. §65-25-221(a) (1993) defines a "foreign corporation" as follows:

> Any corporation organized on a nonprofit or a cooperative basis for the primary purpose and/or for one (1) or more secondary purposes and operating in a state adjacent to this state shall be permitted to transact business in this state without complying with any statute of this state pertaining to the qualification of foreign corporations for the transaction of business in this state.

Under the statutory scheme outlined above, if ACE qualifies as an "electric and community service cooperative" under T.C.A. §65-25-202(4), then it is not a "non-consumer owned electric system" subject to injunction under T.C.A. §65-34-103. According to the stipulated facts, ACE is a member owned nonprofit corporation organized for the primary purpose of providing electricity to its members in Mississippi, a state adjacent to Tennessee. We find, therefore, that ACE is an "electric and community service cooperative" under T.C.A. §65-25-202(4), and could also be defined as a foreign corporation under T.C.A. § 68-25-221(a). Because ACE is not a "non-consumer owned electric system," we find that the trial court erred in enjoining ACE to remove its lines and facilities under T.C.A. §65-34-103.

Although PEC does not allege any grounds other than those found at T.C.A. §65-34-103 in its Complaint, at the hearing on this matter, PEC proffered the testimony of its employee Carl Dudley. Mr. Dudley testified that the placement of ACE's lines and facilities is in violation of the

NESC, and that ACE's equipment interferes with PEC's ability to service and/or expand their equipment located in the area. Despite the fact that PEC's Complaint was not amended to include allegations that ACE's equipment was placed in violation of the NESC or that it hindered PEC's ability to service its own system, no objection was made regarding this evidence. Rule 15.02 of the Tenn. R. Civ. P. reads, in relevant part, as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues*.

(Emphasis added).

Consequently, the fact that PEC's Complaint does not include an allegation that the placement of ACE's equipment is a safety hazard or a hinderance to PEC's own maintenance and/or expansion efforts does not invalidate the trial court's finding on the matter.

Mr. Dudley's testimony is largely undisputed; however, there was not a comprehensive inquiry below as to ACE's alleged violations of safety standards, or as to the extent, if any, of their interference with PEC's equipment.

For the foregoing reasons, we reverse the trial court's Judgment. We remand the case for such further proceedings as may be necessary to determine whether and to what extent ACE's lines and facilities are placed in violation of the NESC, whether and to what extent ACE's equipment hinders PEC's ability to expand and/or maintain its own equipment and, if any violations exist, then to determine the means by which those violations may be remedied. Costs of this appeal are assessed one-half to Appellant, Alcorn County Electric Power Association, and its surety, and one-half to the Appellee, Pickwick Electric Cooperative.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.